EDITH HELEN ENTHOVEN, Respondent, *v.* EDWARD J. ENTHOVEN, Appellant.

First Department, April 5, 1940.

*Leon Engelsberg*, for the appellant.

*William E. Friedman* of counsel [*Seligsberg & Lewis*, attorneys], for the respondent.

PER CURIAM. Before this action came on for trial this court unanimously affirmed a prior order of Special Term denying plaintiff's motion to strike out the defense of illegality and for summary judgment in plaintiff's favor. (*Enthoven* v. *Enthoven*, 256 App. Div. 813.) That ruling necessarily indicated there were issues to be tried and that summary judgment could not be granted on the papers alone. Nevertheless, the trial court, before taking any evidence on the defense of illegality, held that the evidence having been available in the prior actions and within defendant's knowledge, the defense was now barred, and granted judgment to plaintiff without a trial. This in effect granted summary judgment. An examination of the papers on appeal in the prior record offered but excluded by the trial court reveal that there defendant, as an affiant having knowledge, swore it was not until the death of his former attorney, who participated in the collusive divorce, that defendant could obtain possession of the letters and documentary evidence to substantiate his defense of alleged illegality, and, moreover, the present action was to recover for subsequent installments under the contract. (See *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304–308.)

The trial court to which the action had been remitted for trial had no jurisdiction to review even for apparent errors matters that

had already been decided by the appellate court. (*Hornstein v. Podwitz*, 229 App. Div. 167; affd., 254 N. Y. 443). On the papers before us issues were raised requiring a trial.

The judgment appealed from should be reversed, without costs, and a new trial ordered.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Judgment unanimously reversed and a new trial ordered.