IDA MANEVETZ, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendants.— In May or June, 1945, the City of New York, by a general contractor, demolished plaintiff's six-family house as the result of an order obtained in an unsafe building proceeding. On June 29, 1951, an order was made that the court never acquired jurisdiction to direct the demolition for defects in service of the requisite process upon the plaintiff. On March 26, 1952, this action was commenced to recover damages for the unlawful demolition. On May 20, 1952, the city served an answer pleading an affirmative defense that plaintiff failed to comply with section 50-e of the General Municpial Law and that the action was not commenced within the time prescribed by statute. By notice of motion, returnable June 6, 1952, plaintiff moved to strike out the answer and affirmative defense as sham. On June 6, 1952, the city served a bill of particulars of its affirmative defense, stating that it was relying on the period of limitation contained in section 394a–1.0 (mentioned therein as " Section 394 ") of the Administrative Code of the City of New York. On August 25, 1952, the city cross-moved to amend its bill of particulars to include an allegation that it was also relying on the period of limitation contained in section 49 of the Civil Practice Act. On November 20, 1952, an order was made disposing of the plaintiff's motion and denying the city's cross motion to amend its bill of particulars, but granting it permission to amend its affirmative defense. On April 29, 1953, the city served an amended answer, in which it again failed to include the period of limitation contained in section 49 of the Civil Practice Act as an affirmative defense. Thereafter, plaintiff served and filed a note of issue for the October, 1953, term. By notice of motion, returnable December 2, 1953, the city moved for leave to serve a second amended answer to include the defense last mentioned. The motion was denied on the ground of laches. Reargument was thereafter granted and the original determination adhered to on the ground that the city did not waive the defense of the Statute of Limitations, but had lost its right to assert such defense by reason of having negligently slept on its rights. The city appeals from the order on reargument. Order modified by striking from the second ordering paragraph everything which follows the word " reargument " and by adding thereto a provision that the motion of the defendant the City of New York for leave to serve a second amended answer pleading as a separate defense the Statute of Limitations prescribed by section 49 of the Civil Practice Act, be granted, without costs. As so modified, order affirmed, without costs. Said defendant, having the right to plead such Statute of Limitations, inadvertently neglected to do so. The mistake should be corrected (Civ. Prac. Act, § 105). Nolan, P. J., Adel, MacCrate and Murphy, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum : When the city applied for leave to serve its second amended answer to include a defense which, with full knowledge of the facts, it failed to allege in two prior answers, it was not seeking a right, but an exercise of discretion in its behalf. The city is no different from any other litigant when it applies to the court for a favor. (*Sartori* v. *City of New York*, 258 App. Div. 904.) Under circumstances similar to those in the case at bar, this court reversed orders granting

permission to the city to plead the Statute of Limitations, and denied the motion on the ground of laches. (*Dickins* v. *City of New York,* 228 App. Div. 853 [two cases].) It may not be said that Special Term improvidently exercised discretion in making the order from which the present appeal is taken.