AMERICAN WOOLEN COMPANY, INCORPORATED, v. A. M. GROSSMAN, INC., et al. Concur — Breitel, J. P., Bastow, Botein and Rabin, JJ.

(November 29, 1955.)

In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required as a Site for the Proposed Hunts Point Sewage Treatment Works, in the Borough of The Bronx. AMERICAN PRESIDENT LINES, LTD., Appellant.

*Per Curiam.* On the first appeal in this case (281 App. Div. 315) there was a comprehensive examination by the court of the law and the facts, the results of which were formulated in the opinion of Mr. Justice CALLAHAN. The view of this court was stated quite explicitly that upon the basis of the record then before the court, the claimant had title to damage parcels 21 and 24 which involve lands under water between Barretto Point and Hunts Point on the north shore of the East River. On reversing the Special Term, which had found title of the two parcels to be in the city, the opinion of this court stated that "we have determined that the claimant has title, the amount of the damages by the taking must be fixed on a new trial" (p. 333).

The order of reversal, however, did not make a finding of title; but directed merely that there be a new trial. On remission the Special Term had the power, therefore, in the absence of a finding of title in our order, to take additional evidence on the question of ownership of the disputed parcels and to re-evaluate the whole evidence on the new record.

Additional proof was received on the new trial. The Special Term again has found that title to the disputed parcels is in the city. The new proof thus adduced does not lead us to alter our view, expressed on the original record, that claimant has title to these parcels; and this result seems required in any evaluation of the additional proof which accords a fair respect for the prior decision of this court.

We therefore find that title to parcels 21 and 24 is in the claimant. The order shall reflect this finding expressly. The opinion of the Special Term expressed its conception of the value of parcels 21 and 24, title to which it found to be in the city; but since it found against the claimant, these values were not incorporated in its order. Neither party on this appeal makes any reference in their briefs to such values and we feel it would be preferable to treat them as the informal views of the Special Term falling short of a finding, which would have been superfluous in the light of the view the Special Term was then expressing on the merits of title.

The order appealed from should be reversed, with costs to appellant, and the proceeding remitted to the Special Term to find the value of parcels 21 and 24 and to determine the effect, if any, on value of parcel 20 of the conjunctive use of that parcel with parcels 21 and 24. The order to be entered reflecting these values should be consistent with the findings of the order of reversal to be entered.

Breitel, J. P., Bastow, Botein, Rabin and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the matter remitted to Special Term for further determination in accordance with the opinion herein. Settle order on notice.