■ ANTONIO A. JIMENEZ, Respondent, v. SEICKEL & SONS, Appellant.— Order entered May 14, 1964, granting plaintiff's motion to amend and increase the *ad damnum* clause from $100,000 to $500,000, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and the motion denied. To permit the substantial increase of the *ad damnum* clause sought by plaintiff requires a prima facie showing of the inadequacy of the demand in the complaint supported by a physician's affidavit demonstrating with some degree of specificity the nature of the plaintiff's injuries, their prospective consequences, the resulting disabilities and the causal relationship between such disabilities and the original injuries sustained. (*Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878.) The medical affidavit submitted in support of the application is fatally defective since it is conclusory in nature and lacks specific findings. Moreover, the affidavit of merits is defective. It is necessary that " on an application of this nature there should be submitted plaintiff's affidavit of merits showing the merits of the case, the reasons for the delay and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff ". (*Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775.) Plaintiff's affidavit fails to meet these requirements. (See, generally, *Gerard* v. *331 Madison Ave. Corp.*, 20 A D 2d 776; *Cox* v. *New York Tel. Co.*, 10 A D 2d 565; and cases cited in dissenting opinion in *Teplitsky* v. *Kamensky*, 9 A D 2d 671.) Furthermore, we are of the opinion that the original demand is more than sufficient to provide adequate compensation to this plaintiff if he prevails in the litigation. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ TELESFORO RODRIGUEZ, Respondent, v. CITY OF NEW YORK, Defendant, and EMANUEL SPERBER et al., Doing Business as R. R. S. HOLDING Co., Appellants.— Order entered June 17, 1964 denying defendants-appellants' motion to dismiss the complaint for lack of prosecution on condition plaintiff serves a defendant with the complaint — not theretofore served — within 5 days and placing the case on the calendar within 45 days, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to appellants, and the motion granted, with $10 costs. The accident occurred on January 4, 1961. A summons was originally served on October 3, 1961. After service of process on other parties, defendants appeared by a combined notice of appearance on February 5, 1962. However, no complaint was ever served. Thus, a period of approximately 24 months elapsed from the time defendants demanded a complaint and the motion to dismiss was made. Plaintiff has failed to demonstrate any reasonable excuse for the inordinate delay in serving a complaint. Moreover, there was no proper affidavit of merits submitted. In fact, the papers indicate that counsel for plaintiff has been unable to locate his client for some time. Under the circumstances, it was an improvident exercise of discretion to deny the motion. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.