■ In the Matter of LOUIS FENNELL, Petitioner, v. HARLEM VALLEY STATE HOSPITAL et al., Respondents.— Proceedings dismissed on the merits and determination of respondent Roberts, dated November 1, 1965, confirmed, without costs. No opinion. Beldock, P. J., Christ, Rabin, Hopkins and Munder, JJ., concur.

■ HAROLD A. KANE, SR., as Administrator of the Estate of HAROLD KANE, JR., Deceased, Respondent, v. LONG ISLAND JEWISH HOSPITAL et al., Defendants, and LEONARD GOLDBERG et al., Appellants.— In an action to recover damages for wrongful death and for conscious pain, etc., allegedly caused by the negligence and malpractice of two hospitals and two physicians, defendants Goldberg and Schulman, the physicians, appeal, as limited by their brief, from so much ɟf an order of the Supreme Court, Queens County, dated March 8, 1967, as denied their motion to amend their answer so as to add a partial affirmative defense that plaintiff has been paid $7,500 by another person for his connection with the alleged wrongful death of plaintiff's intestate. Order reversed insofar as appealed from, without costs, and motion of the appealing defendants granted. Said defendants' amended answer, as set forth in the record on appeal, is deemed served as of the time of the entry of the order hereon. Notwithstanding a delay of over five years in making this motion, plaintiff has not been prejudiced by the delay (*Livant* v. *Livant*, 18 A D 2d 383, app. dsmd. 13 N Y 2d 894; *Bellamy* v. *Prime*, 25 A D 2d 923; *Derby* v. *Prewitt*, 12 N Y 2d 100; *Sternberg* v. *Walsh*, 273 App. Div. 972). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

■ AGNES MCLAUGHLIN, Respondent, v. JOHN MCLAUGHLIN, Appellant.— Judgment of the Supreme Court, Queens County, dated July 5, 1967, which granted plaintiff a separation and *inter alia* awarded her alimony and counsel fees, reversed, on the law and the facts and in the interests of justice, without costs, and a new trial granted. Plaintiff's proof was insufficient to warrant the relief granted by the trial court. No proof was adduced by plaintiff that defendant's conduct substantially impaired her health; and the isolated acts relied on by plaintiff were not in themselves sufficient to justify a decree of separation (*Schapiro* v. *Schapiro*, 27 A D 2d 667; *Smith* v. *Smith*, 273 N. Y. 380; *Pollitzer* v. *Pollitzer*, 188 App. Div. 861; *Davis* v. *Davis*, 1 A D 2d 675). Nevertheless, plaintiff may have curtailed her proof with respect to the grounds of separation and in the interests of justice we believe that a new trial should be granted so that full opportunity will be given to both parties to develop their proof. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ JOSEPH MELAGRANO, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.— Judgment of the Supreme Court, Westchester County, dated July 11, 1966, affirmed, with $10 costs and disbursements. No opinion. Rabin, Benjamin and Munder, JJ., concur; Brennan, Acting P. J., and Hopkins, J., dissent and vote to reverse the judgment, to vacate the order dated June 28, 1966 and to deny defendant's motion for summary judgment, with the following memorandum: In our opinion, there are issues of fact to be determined.