Bernard S. Meyer, J.
In this condemnation proceeding claimants move for an order determining that the matter must, or in the exercise of discretion and in the interest of justice should, be tried de novo. The proceeding began with the filing on August 27, 1964 of the county’s petition for condemnation and title vested in the county by order of court dated September 21, 1964. The property had been used as a junkyard which was a nonconforming use. Trial of the claim resulted in a tentative decree dated August 16,1966 fixing the value of the property at $146,400, but claimants sought and were granted a new trial on the ground that a comparable sale of junkyard property (of which there is little in Nassau County) had been consummated on September 16, 1966.
After taking additional testimony the court (Hogan, J.) adhered to the original decision. From the final decree entered May 4, 1967 the claimants appealed. The Appellate Division reversed on the law (Matter of County of Nassau [Cohen], 34 A D 2d 412) holding it error for Special Term to have valued the land by adding to its residential value a premium for the nonconforming use, and remanded ‘ ‘ for further proof, and a new determination, with costs to abide the event, so that the full scope of the factors combining to form an evaluation of the nonconforming use may be amplified in the record ” (p. 417). On *338 remand Mr. Justice Hogan, at the request of claimants, disqualified himself in a memorandum which spoke of referring the matter ‘ ‘ for the assignment of a new justice to hear this case de novo.” When it thereafter came on before the undersigned for trial, claimants made an oral motion for permission to try the claim on the basis that the highest and best use of the property is for a marina rather than for a nonconforming junkyard. They contend that the reference to trial de novo is the law of the case and that in any event the court should, as a matter of discretion, allow a de novo trial.
No proposal to change the theory of valuation was before Mr. Justice Hogan when he disqualified himself. It is apparent, therefore, that his use of the words “ de novo ” related to a retrial on the same theory before a different Judge as distinguished from the “further proof ” which was all that would have been required had the matter been tried before him. Moreover, the language of the Appellate Division remand suggests not a new trial on a different theory but the taking of additional proof on the old theory. 'Such a remand does not authorize, much less require, a new trial (Matter of Reformed P. D. Church v. Municipal Ct., 185 Misc. 1003, 1006-1007, affd. 270 App. Div. 993, affd. 296 N. Y. 822; Matter of Barton Realty Corp. v. Mangan, 25 A D 2d 730; cf. Matter of City of New York [American President Lines], 286 App. Div. 1087, affd. 3 N Y 2d 775). Trial de novo is not required, therefore.
This court is not, however, without power to allow a new trial in the exercise of discretion under appropriate circumstances, as where newly discovered evidence is offered (Matter of Altimari v. Meisser, 23 App. Div. 672, 675) or it is necessary to mold the relief to new conditions which were not before the appellate court (Rudiger v. Coleman, 228 N. Y. 225, 235) or a new ground for the same cause of action is sought to be presented (Kent v. Erie R.R. Co., 201 App. Div. 293; see O’Hara v. Derschug, 154 Misc. 1, mod. 244 App. Div. 764). The Appellate Division decision is final only as to what was before the court and was disposed of (Matter of Altimari v. Meisser, supra; United States v. Pink, 36 N. Y. S. 2d 961; see Enthoven v. Enthoven, 259 App. Div. 231).
Though the claimant in a condemnation proceeding is not required to file a pleading setting forth the basis of his claim, he is, under 22 NYCBB 678.1 [d], [e] required to file an appraisal report which ‘ ‘ shall contain a statement of the method of appraisal to be relied on and the conclusions as to value reached by the experts, together with the facts, figures and *339 calculations by which the conclusions were reached ’ ’ and to set forth comparables “with such particularity as to permit the transactions to be readily identified,” and he is in proving “value based on appraisal * * * limited to the matters set forth in” the report. Claimants’ position is, therefore, analogous to that of a plaintiff who seeks to amend his complaint.
CPLR 3025 directs that leave to amend ‘1 shall be freely given upon such terms as may be just including the granting of costs and continuances.” Generally a party should be “permitted to put his pleadings in such shape as will enable him to raise and have determined at the trial every question affecting his interest involved in the subject-matter of the litigation ” (Muller v. City of Philadelphia, 113 App. Div. 92, 96; accord: Washington Life Ins. Co. v. Scott, 119 App. Div. 847, 849) though that rule does not apply when leave to amend is sought for purposes of delay or amendment will result in injustice to the opposing party (Fitzgerald Bros. Constr. Co. v. State of New York, 188 Misc. 940). The county argues that it is prejudiced because (1) it will lose the right that it would have had had the theory remained the same to appeal from the Appellate Division’s decision (34 A D 2d 412) after final determination of value by this court, (2) the county will incur additional expense in meeting the new theory, (3) testimony of experts, no longer available, may not be admissible, (4) it is no longer possible to inspect the property in its condition on the vesting date, and further that claimant is guilty of laches.
While there can be no question that a motion made October 18, 1971 with respect to a taking on September 21, 1964 comes late in the litigation, it is also true that the motion seeks leave to make a conceptual rather than a factual amendment. Valuation for condemnation involves comparative application of various theoretical concepts or “ approaches ” in relation to what it is expected the court will determine to be the highest and best use. In such nebulous areas the effort to correct a supposed error should be more readily countenanced (see O’Hara v. Derschug, supra, and see CPLR 2001) unless injustice will result from so doing. The passage of time alone does not bar the amendment.
In light of the power (given by both CPLR 2001 and 3025) to impose terms, leave to amend should not be denied on the basis of the county’s other arguments either. The purpose of the proceeding is to determine what constitutes just compensation for property taken from claimants by the county, not to settle abstract questions of law. If it be true that the county will lose the right of appeal it would otherwise have had under CPLR 5601 (subd. [d]), it will nonetheless have the right to appeal *340 the final determination of value and, therefore, has lost nothing of substance.
There is a real loss to the county in the necessity for a new appraisal by its experts in light of claimants’ proposed new theory, but that can be taken care of by conditioning leave upon the deduction from the award of such sum as the trial court finds to be the reasonable value of the additional appraisal work of the county’s experts made necessary by the change in theory. Since claimants have offered to stipulate to the introduction of the entire record of the prior trial, “ subject only to rulings as to admissibility” (which the court interprets to mean relevancy to the new theory, not some technical objection to admissibility not put forward at the prior trial), the unavailability of the county’s experts presents no problem. Nor does the impossibility of inspecting the property as of September 21, 1964 present any real difficulty for there is in the prior record testimony concerning its condition and it has not been suggested that that testimony is an insufficient basis for valuation on the new theory.
The only other possible problems for the county are the time necessary to prepare its case on the new theory and the fact that the interest period will be extended by the additional preparation time. Both can be taken care of by (1) continuing the trial to the opening date of the March 1972 Term to allow for preparation, and (2) suspending the running of interest from October 4,1971 (the date on which the case came on for retrial) to the end of the month in which the decision on retrial is handed down.
A short-form order has been signed granting claimants leave to serve a new appraisal report predicated on use as a marina as the highest and best use, subject to the conditions above set forth. Since claimants may regard the terms imposed as too onerous, or the county may wish to test the discretion thus exercised without having first to try the claim on the new theory, the short-term order also grants either side permission to appeal from the order (CPLR 5701, subd.[c]).