■ MAURICE GLEESON, Respondent, v. FAIRMONT MANOR COMPANY, Defendant-Appellant and Third-Party Plaintiff. INGRAM & GREENE, INC., Third-Party Defendant.— Order, Supreme Court, New York County, entered July 2, 1971, denying defendant's motion to amend its answer to plead the Statute of Limitations affirmed without costs and without disbursements. This negligence case arising February 2, 1962 was commenced by service of a summons August 12, 1966. A notice of appearance was served February 10, 1967, the complaint April 22, 1968, and the answer September 16, 1968. Apparently, the delays in serving the pleadings subsequent to the summons were pursuant to

stipulation. In October, 1969 defendant commenced a third-party action. May, 1970, presumably on defendant's motion, the venue was changed from Suffolk to New York County. The present motion to permit amendment of the answer to plead the Statute of Limitations was made returnable June 30, 1971, almost five years after commencement of the action, and three years after service of the answer. The only explanation for failure to move earlier is the affidavit of defendant's attorney "That at the time of the interposition of the original answer * * * the office of your deponent was unaware of the true significance of the date of accident, being given as the 2d day of February, 1962". Neither party merits an award for diligence. The proposed defense is not addressed to the merits of the action and the defendant's position resembles that of the proverbial pot calling the kettle black. In these circumstances, the denial of the motion was well within the proper limits of Special Term's discretion. In *Karp* v. *Antelman* (285 App. Div. 955) and *Manevetz* v. *City of New York* (283 App. Div. 1095) cited in the dissent, the plaintiffs had been promptly apprised of defendants' intention to assert the Statute of Limitations. Concur — Nunez, J. P., Kupferman and Macken, JJ.; Steuer and Tilzer, JJ., dissent in the following memorandum by Steuer, J.: I dissent. The defendant seeks leave to amend its answer to plead the Statute of Limitations. The plaintiff opposes on the ground of laches. CPLR 3025 (subd. [b]) provides that leave to amend "shall be freely given". This has been regularly interpreted to allow a defense of limitations to be asserted at any time (*Karp* v. *Antelman*, 285 App. Div. 955; *Manevetz* v. *City of New York*, 283 App. Div. 1095). As no prejudice is asserted, it is not clear why this mandated and established practice should be departed from.