■ DOROTHY BARRY et al., Respondents, v. NIAGARA FRONTIER TRANSIT SYSTEM, INC., Appellant.— Order unanimously reversed, with costs, and motion denied without prejudice to the right of plaintiffs to renew it at Special Term upon proper notice and supporting papers. Memorandum: After a jury was drawn and this case was assigned to a Trial Justice for trial, plaintiffs, without prior notice to defendant and without supporting affidavit or other papers, made an oral motion for permission to serve a supplemental bill of particulars of the acts of negligence with which they charge defendant, and also asked leave to amend the complaint accordingly. Plaintiffs sought particularly to specify that "the defendant failed to give the plaintiff a safe place from which to alight from the bus". Defendant opposed the motion as untimely, and asserted its unreadiness to meet it or the claim. It further asserted that granting the amendment would be prejudicial. The court granted the motion and a mistrial and directed that the case be again set down for trial within 60 days. ¶ The case had been at issue, with a certificate of readiness filed by plaintiffs, for nearly two years prior to the motion to amend. Applications to amend pleadings, including bills of particulars (*Bernas* v. *Kepner*, 36 A D 2d 58; *Kerlin* v. *Green*, 36 A D 2d 892), should be freely permitted in the absence of undue prejudice, upon appropriate papers and terms (CPLR 3025, subd. [b]). Normally, however, a motion to amend a pleading should be accompanied by a copy of the proposed pleading (*Goldner Trucking Corp.* v. *Stoll Packing Corp.*, 12 A D 2d 639; 6 Carmody-Wait 2d, New York Practice, § 34.29), and where the case has long been certified to be ready for trial, an affidavit of reasonable excuse for the delay in making the motion and of merit in the proposed amendment should be submitted in support of the motion (*Bernas* v. *Kepner, supra*; *Shea* v. *Pellicano*, 29 A D 2d 840, app. dsmd., 22 N Y 2d 753; *Miess* v. *Walkowiak*, 27 A D 2d 797; and see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025:22). This is especially so in case of a delayed motion, wherein the opposing party should have an opportunity to test the excuse for the delay and the merits of the application and to show prejudice, if any, which would result from granting the motion (*Shea* v. *Pellicano, supra*; *Doyle* v. *Killeen*, 28 A D 2d 969; and see *Kerlin* v. *Green, supra*). ¶ We hold, therefore, that the granting of this motion without notice and supporting papers was an improvident exercise of discretion; that the order should be reversed and the motion denied without prejudice to its renewal upon appropriate notice and supporting papers, subject, of course, to the imposition of such terms as Special Term may deem just. (Appeal from order of Erie Trial Term granting motion to serve supplemental

bill of particulars.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.