■ PAULINE McCALL, Respondent, v. VILLAGE OF PENN YAN et al., Appellants.— Order unanimously reversed, without costs, and motion to amend the amended complaint by increasing the *ad damnum* clause denied. Memorandum: Not only was no medical affidavit submitted by plaintiff but no showing was made as to the merits of the case or explanation or excuse given for the long delay in making the motion which was over four years from the date of the accident, three years from the commencement of the action, a year from the substitution of counsel and after the case was certified as ready for trial by the filing of a certificate of readiness. The only matter affecting the action shown to have occurred since the service of the amended complaint almost a year prior to this application was the service of the third party complaint by defendant which could not in any way have affected the amount of damages recoverable by plaintiff (see *Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878). Moreover, the motion was supported only by the affidavit of an attorney who had recently entered the case and lacked knowledge of the facts (see *Keating* v. *Smith*, 20 A D 2d 141). The granting by Special Term of the motion to amend the amended complaint by increasing the *ad damnum* clause from $100,000 to $250,000 was an improvident exercise of discretion.

(Appeal from order of Yates Special Term, granting leave to serve amended complaint in negligence action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.