■  JOHN BELOTT, Appellant, v. STATE OF NEW YORK, Defendant, and ARTUE BROTHERS, INC., Defendant and Third-Party Plaintiff-Respondent. JAMES A. MESSINA, Third-Party Defendant.— Appeal from an order of the Supreme Court at Special Term, entered December 6, 1971 in Saratoga County, which granted defendant's motion to amend its answer to plead the Statute of Limitations. Appellant commenced this action against the State and respondent on June 4, 1965. The State successfully moved to dismiss the action as to it. For five years this action remained dormant at appellant's request while he pursued his remedies against the State in the Court of Claims. In December, 1970, after appellant served his bill of particulars and for the first time stated that he was relying on a theory of conversion, this motion followed. The sole issue is whether the trial court abused its discretion in granting respondent leave to amend its answer to plead the Statute of Limitations. Appellant does not contend that the complaint was filed within the time limited for an action in conversion. He does contend that the complaint must be liberally construed; that it clearly stated a cause of action in conversion; and that in failing to plead the Statute of Limitations in his first answer or by motion to dismiss pursuant to CPLR 3211, respondent waived the Statute of Limitations as a defense (CPLR 3211, subd. [e]). Under the circumstances, the order of the trial court must be affirmed since we perceive no abuse of discretion. The complaint at no time refers to personalty or conversion; it states that the action is one to determine a claim to real property. Although appellant cites many paragraphs of his complaint in arguing that an action in conversion was clearly intended, to have read the complaint as suggested by appellant would have required respondent to ignore the one cause of action which was readily apparent on the face of the complaint and give heed to a cause of action to which there was, at best, only the most oblique reference. Appellant makes a further attempt to charge respondent with knowledge that an action in conversion had been pleaded by pointing to respondent's demand for a bill of particulars. In that demand, one paragraph asked whether or not conversion was in contention. This argument is without substance. The purpose of a bill of particulars is to amplify the pleadings and give the parties an opportunity to secure information concerning his opponent's case (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.03). This is precisely what respondent did. His demand was an attempt to force appellant to state the legal theory relied upon so that he could properly defend. The fact that he asked if conversion was in contention only indicated that respondent was trying to eliminate possible legal theories from the litigation. Appellant's argument that respondent made a knowing waiver of this defense by failing to raise it in his answer or by a 3211 motion to dismiss, must also be rejected. Before a party can be said to have waived a defense, he must be fairly apprised of the cause of action to which that defense would be interposed. The waiver provisions of CPLR 3211 (subd. [e]) do not

require a different conclusion, for that section is independent of CPLR 3025, which declares that leave to amend pleadings is to be freely given and places the matter in the discretion of the court. Where an affirmative defense is not interposed in an answer because the plaintiff's complaint does not state the cause of action to which such a defense would be available, a defendant must be permitted to amend his responsive pleading under 3025 before that pleading can be pointed to as evidence of a waiver of the affirmative defense. We find no abuse of discretion by the trial court in granting leave to amend the answer. Order affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.