■ BOEHM DEVELOPMENT CORPORATION, Appellant, v. STATE OF NEW YORK, Respondent.   (Claim No. 50094-A.) — Appeals from orders of the Court of Claims, entered February 18, 1972, May 23, 1972, and April 27, 1972, which denied claimant's motions to amend its claim, and granted defendant's motion to place the claim on the Suspension Calendar, and suspended interest until the claim was restored to the Trial Calendar.   Claimant filed its claim on September 19, 1969 for the appropriation of approximately seven acres of vacant land in Orange County, demanding damages in the sum of $750,000. On November 15, 1971, after receiving numerous extensions of time, claimant filed its appraisal. Claimant contends that since the appraisal was filed within the extended time it is timely filed.   The appraisal valued the direct damages as $161,000 and the severance damages as $106,000.   Attached to the appraisal was a letter dated June 11, 1970 from engineering consultants for claimant detailing additional damages of approximately $4,000,000 allegedly caused by the State's delaying construction of a proposed shopping center on the property which included items for incurred costs of construction, and an item of $2,732,000 for increase in mortgage interest.   On December 30, 1971, claimant made a motion to amend its claim to increase the *ad damnum* clause to the sum of $4,614,502.   The court, noting that claimant was aware of the engineering report in June, 1970, denied the motion stating that " Claimant has failed to set forth in its moving papers sufficient reasons to explain or excuse this inordinate delay in bringing on this motion under these circumstances."   On March 16, 1972, claimant renewed its motion to amend the *ad damnum* clause supporting its motion with affidavits to the effect that June 11, 1970 was the date of a rough report, and that the final report was not completed until March 2, 1971 which was more than eight months prior to filing the appraisal and, apparently, 10 months prior to the motion to amend.   The trial court held that " The fact that the appraisal may have been filed in compliance with the extensions granted is of no moment in deciding the question now before the Court.   The issue here is whether this motion was timely made."   And, further, the court found " that claimant was aware at least from March 2, 1971 that a motion to increase the ad damnum clause and amend the claim would be necessary.   Consequently, the information upon which this motion was based did not just recently come to the attention of the claimant. * * * It had been aware that it would be necessary to make a motion of this nature since at least March 2, 1971 when it received the final appraisal." In order to increase the *ad damnum* clause, claimant must show sufficient reasons for the delay in making the motion, and that the increase is warranted by reason of information recently coming to the attention of the claimant. We do not believe that claimant has met the test.   Permission to increase the *ad damnum* clause lies within the sound discretion of the court, and, since we find no abuse of discretion, the orders in all respects should be affirmed. (*Osborne* v. *Miller*, 38 A D 2d 298; *Slocum* v. *State of New York*, 177 Misc. 114.)   Orders affirmed, with costs.   Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.