■ SALLY SHERMAN, Individually and as Natural Guardian of STEVEN SHERMAN, Appellant, v. METROPOLITAN TRANSIT AUTHORITY, Respondent.— Order, Supreme Court, Bronx County, entered January 3, 1973, denying claimant's motion to compel acceptance, or for leave to file a late notice of claim, reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the application granted. The claimant, aged 18, through his mother retained counsel in connection with a subway accident injury, and counsel maintains there was a proper and timely notice of claim under section 50-e of the General Municipal Law. However, the postmark bears a date after the 90 days, and it arrived almost two weeks after the 90-day period. We indulge in the presumption of an impediment attending infancy, which *Matter of Murray* v. *City of New York* (30 N Y 2d 113), indicates is permissible (there the infant was 19) and follow the most recent precedent in this Department, *Matter of Potter* v. *Board of Educ. of City of N. Y.*, (43 A D 2d 248) in allowing the late notice of claim. (See, also, *Matter of Ostrander* v. *City of Syracuse*, 33 N Y 2d 960.) Concur— Nunez, J. P., Kupferman and Moore, JJ.; Murphy and Steuer, JJ., dissent in the following memorandum by Steuer, J.: We dissent and would affirm. We agree that the holding in *Matter of Murray* v. *City of New York* (30 N Y 2d 113) is merely that the retention of counsel does not necessarily indicate that the impediment of infancy is inapplicable. Here the facts clearly indicate that infancy had nothing whatsoever to do with the failure to make timely service, and Special Term so found. It is the Legislature's sole prerogative to nullify a statute, and it is not discretionary with the court.