■ Jo ANN BERG et al., Respondents, v. J. LA RUE WILEY, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: Defendant Wiley performed surgery upon plaintiff, Jo Ann Berg, on April 2,

1966 for a herniated disc. She was released from the hospital on May 2, 1966 and was subsequently readmitted for a bilateral laminectomy operation which was performed on December 27, 1966 by the same doctor. On September 23, 1967 this action for medical malpractice was commenced against defendant Wiley by service of a summons and complaint. The *ad damnum* clause in the complaint requested $185,000. Wiley served an answer and demand for a bill of particulars on November 13, 1967. Plaintiffs' bill of particulars was served on November 8, 1971. The action was stricken from the Monroe County Calendar on February 25, 1972 and restored thereafter by us for prompt trial in April of 1973. In February of 1974, the case appeared on the calendar and, upon the plaintiffs' request, April 15, 1974 was set for trial. On April 8, 1974 an order to show cause was served upon defendant by which plaintiffs sought to amend their *ad damnum* clause to $750,000. One of defendant's contentions was that there were no supporting papers showing medical merit. By an order dated April 11, 1974, Special Term denied this motion to amend. Upon appeal to this court, this order was affirmed (*Berg* v. *Wiley*, 44 A D 2d 912). On June 12, 1974 the plaintiffs obtained another order to show cause, seeking the same relief, which was supported by an affidavit of a physician. On June 25, 1974 Special Term granted this second application of plaintiffs for leave to amend their *ad damnum* clause, and defendant Wiley appeals from such order. The decision as to whether a plaintiff should be allowed to amend an *ad damnum* clause lies within the sound discretion of the court after it has weighed all the relevant factors (*Cox* v. *New York Tel. Co.*, 10 A D 2d 565). The affidavit of the doctor submitted on the second application does not show the development of any new circumstances. Further, the plaintiffs should be estopped from amending their complaint because of laches and the resulting prejudice to defendant (*Cox* v. *New York Tel. Co.*, supra; *Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775). (Appeal from part of order of Monroe Special term, in malpractice action.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.