■ CAROLINA VITIELLO et al., Plaintiffs, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants. (Action No. 1.) CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff, v CHARLES CASA & SONS, INC., Third-Party Defendant. (Action No. 2.) LOUISE MARENCIK, as Administratrix of the Estate of ELENE MARENCIK, Deceased, et al., Appellants, v CONSOLIDATED EDISON, INC., et al., Respondents. (Action No. 3.)— Order, Supreme Court, Bronx County, entered August 15, 1975, denying leave to amend the *ad damnum* clause of the complaint and leave to serve a further bill of particulars, unanimously modified in the exercise of discretion to permit service of the proposed further bill of particulars on condition that plaintiff Louise Marencik make herself available for physical and mental examinations by defendants' physicians; and otherwise affirmed, without costs and without disbursements. There is no showing of facts warranting the increase in the *ad damnum* clause; the information now in said plaintiff's possession is essentially the same as the information in plaintiff's possession when the complaint was served. The motion to increase the *ad damnum* was made over three years later and after a jury had been selected. In the meantime, defendant Consolidated Edison has perhaps been prejudiced because, relying upon a limited indemnification agreement from the defendant Casa, it has not had a physical or mental examination of plaintiff Louise Marencik and obviously now cannot have one fairly soon after the commencement of the action. With respect to the proposed further bill of particulars, however, it appears to us that there is no real element of surprise involved; in essence the further bill is merely an elaboration of the earlier bill of particulars; but defendants should have physical and mental examinations of said plaintiff. Settle order on notice. Concur—Murphy, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.

■ DONALD C. SMITH v JOANNE E. SMITH.—Motion, insofar as it seeks reargument, granted and, upon reargument, the order of this court entered on December 11, 1975 and the memorandum decision of this court filed therein are each amended so as to limit the new trial to the issue of divorce only. Motion, insofar as it seeks leave to appeal to the Court of Appeals, denied. Concur—Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v FRANCES CHACON, Also Known as FRANCES RODRIGUEZ.—Motion for reargument granted and, upon consideration of the additional citations of legal principles offered by appellant, the judgment rendered on December 7, 1973 is unanimously affirmed. No opinion. Concur—Stevens, P. J., Lupiano, Capozzoli and Nunez, JJ.