■    EDMOND WALTER, Respondent, v LECESSE CORPORATION, Defendant-Appellant and Third-Party Plaintiff-Appellant. E. G. SNYDER COMPANY, INC., Third-Party Defendant-Respondent.—Order unanimously reversed, without costs, and motion denied. Memorandum: This action was brought by plaintiff Edmond Walter to recover damages for personal injuries sustained on July 10, 1973 while working at a construction site where defendant LeCesse Corporation was the general contractor. Defendant appeals from an order which granted leave to plaintiff to amend his complaint by adding a new cause of action and increasing the *ad damnum* clause as well as serve a supplemental bill of particulars. After plaintiff commenced this action by service of a summons on September 5, 1973, he served a bill of particulars upon defendant on December 18, 1973. Thereafter a statement of readiness was filed on January 16, 1975 and the case was placed on the Trial Calendar for January 19, 1976. After plaintiff requested and received numerous adjournments based upon changes in counsel, trial was finally scheduled for February 24, 1976. One week prior to trial plaintiff's third attorney advised defendant of his intention to move to amend the complaint and serve a supplemental bill of particulars. Where a case has long been certified as ready for trial, judicial discretion in allowing amendments should be "discrete, circumspect, prudent and cautious" *(Symphonic Electronic Corp. v Audio Devices,* 24 AD2d 746). Furthermore, an affidavit of reasonable excuse for the delay in making the motion and of merit in the proposed amendments should be submitted in support of the motion *(Berg v Wiley,* 46 AD2d 733, 734, app dsmd 36 NY2d 681; *Boehm Development Corp. v State of New York,* 42 AD2d 1018; *Ryan v Schmidt,* 42 AD2d 826; *McCall v Village of Penn Yan,* 39 AD2d 632). In the instant case, plaintiff's motion to amend his complaint by adding a new cause of action and by increasing the *ad damnum* clause and to serve a supplemental bill of particulars was made two and one-half years from the date of his accident, over two years from service of the complaint and 13 months after the filing of the statement of

readiness. Plaintiff's attorney, however, in his affidavit, sets forth no reasonable excuse for the long delay nor does he attach to his affidavit a copy of the supplemental bill of particulars. With respect to that part of plaintiff's motion seeking to increase the *ad damnum* clause, plaintiff does not set forth any new or aggravating condition which was not known to exist when the original pleading was prepared nor does he include a medical affidavit containing facts in support of his contention *(Vitiello v Consolidated Edison Co. of N. Y.,* 51 AD2d 523; *Berg v Wiley, supra; Boehm Development Corp. v State of New York, supra; McCall v Village of Penn Yan, supra).* Since plaintiff fails to set forth in his affidavit sufficient facts in support of the motion and offers no reasonable excuse for the long delay in bringing the motion, it was an improvident exercise of discretion to grant leave to amend the complaint and serve a supplemental bill of particulars. We have examined defendant's contention that the inadvertent fault of counsel and law office failure precludes the granting of this motion but in view of our holding in this case, we do not reach the merits of this argument. (Appeal from order of Monroe Supreme Court—amend complaint.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.