FRANK FAHEY et al., Respondents, v COUNTY OF ONTARIO et al., Defendants, and SHERIFF OF THE COUNTY OF ONTARIO, Appellant.—Order affirmed, with costs, on the opinion at Special Term, Livingston, J., and the following memorandum: We add that defendant proffered no explanation for his delay in raising this defense and the date of plaintiffs' original notice of claim indicates that approximately 27 months earlier defendant was or should have been aware of the accrual date of the causes of action. Under these circumstances, we find no abuse of discretion in the denial of the motion for leave to amend the answer. *(Gleeson v Fairmont Manor Co.,* 38 AD2d 802.) All concur, except Marsh, P. J., and Witmer, J., who dissent and vote to reverse the order and grant the motion, in the following memorandum: Plaintiff Frank Fahey was incarcerated in Ontario County jail by the defendant, the Sheriff of the County of Ontario, on August 31, 1973 and was released therefrom eight days later on September 7, 1973. He claims that through negligence of the Sheriff he was not given necessary medical treatment while in jail and that he and his wife have suffered damages by reason thereof; and they instituted this action against the Sheriff and others. The summons was served on November 25, 1974 but the complaint was not served until July 28, 1975. The answer was served along with a demand for bill of particulars on September 9, 1975. On January 13, 1976 plaintiffs served their bill of particulars. Two weeks thereafter defendant

made a motion returnable on February 9, 1976 for dismissal of the complaint on the ground, among others, that the Statute of Limitations had run upon plaintiffs' cause of action. Special Term recognized that the complaint was served more than one year after the cause of action against the Sheriff had arisen and that the action was one which must be sued within one year of the date of its accrual (CPLR 214, subd 5; 215, subd 1). However, the court denied the motion on the ground that by failing to plead the Statute of Limitations in his answer defendant waived that defense and the right to move against the complaint by reason thereof (see CPLR 3211, subd [a], par 5; subd [e]). Immediately upon the court ruling that the Sheriff had waived the defense by failing to plead it, his counsel asked leave to amend the answer under CPLR 3025 (subd [b]) to plead the Statute of Limitations, but the court denied the motion. The majority affirm, relying especially upon defendant's alleged laches. We disagree, and would reverse, grant the amendment and grant the motion to dismiss the summons and complaint as untimely served. CPLR 3025 (subd [b]) provides that a party may amend his pleading "at any time by leave of court * * *. Leave shall be freely given upon such terms as may be just". In the status of this case at the time the motion was made, there could be no question of prejudice to the plaintiffs by permitting the amendment; and certainly on these facts defendant was not guilty of laches. Whenever leave to amend a pleading on similar facts has been requested in the Appellate Divisions of the other Departments, it has been granted; and it has been held to be an abuse of discretion to deny such leave to amend *(Leonard v Davenport & Sons,* 41 AD2d 526 [1st Dept]; *Belott v State of New York,* 40 AD2d 729 [3d Dept]; *Lermit Plastics Co. v Lauman & Co.,* 40 AD2d 680 [2nd Dept—record shows that defendant's motion was made more than five years after service of the original answer]; *Hirsch v Flick,* 17 AD2d 961 [2nd Dept]; *Karp v Antelman,* 285 App Div 955 [2nd Dept]; *Manevetz v City of New York,* 283 App Div 1095 [2nd Dept]; and see *Bailey v Morgan,* 54 AD2d 991 [3d Dept—Statute of Frauds]; *Minasy v Foster Wheeler Corp.,* 15 AD2d 759 [1st Dept—Statute of Frauds]; *Kane v Long Is. Jewish Hosp.,* 29 AD2d 554; *Santaniello v DeFrancisco,* 74 Misc 2d 229; *Matter of County of Nassau [Cohen],* 68 Misc 2d 336, 339). In our view, other cases relied upon at Special Term are distinguishable upon their facts. Although the granting of leave to amend a pleading is subject to the court's reasonable discretion, we see no reason why the Fourth Department should depart from the rulings of the other Departments (cf. *Matter of Murray v City of New York,* 30 NY2d 113, 116, 121, which led the First Department to change its rule that infancy alone was not enough to justify late filing of claim under General Municipal Law, § 50-e, subd 5, in *Matter of Potter v Board of Educ.,* 43 AD2d 248; *Sherman v Metropolitan Tr. Auth.,* 44 AD2d 533). (Appeal from order of Wayne Supreme Court—motion to dismiss—negligence.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.