■ WILLIAM PICK et al., Doing Business as PICK BROS. CONSTRUCTION, Respondents, v DONALD V. McCOMBS et al., Appellants.—Judgment modified, in accordance with memorandum and as modified, affirmed, without costs. Memorandum: Plaintiffs commenced this action on May 23, 1975 to recover sums due under oral and written contracts executed in 1973 involving the construction of a patio and the installation of an aluminum door at defendants' residence. Defendants counterclaimed, *inter alia,* for negligent performance under a 1971 contract for the construction of an attached garage and the installation of a rear cellar entrance with retaining wall. In particular, they sought damages due to water seepage into the basement, the buckling and subsequent collapse of the rear cellar retaining wall, a sag that developed in the garage roof and the faulty installation of the garage door. On August 20, 1976, the day of trial, the court permitted plaintiffs to amend their reply to assert the defense of the Statute of Limitations to defendants' counterclaims. At the conclusion of this nonjury trial, the court

determined that defendants' first counterclaim with respect to plaintiffs' negligent and improper construction under the 1971 contract was time-barred and further that defendants had failed to sustain their burden of proof on that issue. Defendants appeal from the court's judgment awarding plaintiffs the sum of $580 plus interest and costs. We find that the court abused its discretion in granting plaintiffs' motion for leave to amend their reply on the day of trial to assert the defense of Statute of Limitations to defendants' counterclaims. Where a case has long been certified ready for trial, an affidavit of reasonable excuse for the delay in making the motion together with a showing of merit in the proposed amendment is required (*Walter v LeCesse Corp.*, 54 AD2d 1136; *Barry v Niagara Frontier Tr. System*, 38 AD2d 878). Such a motion should be made upon notice so that the opposing party may have an opportunity to test the excuse for the delay and the merits of the application and to show any prejudice resulting from a granting of the motion (*Barry v Niagara Frontier Tr. System, supra*). Here, plaintiffs' motion for leave to amend their reply was apparently not made on notice to defendants. Furthermore, no excuse is offered for the delay of more than 13 months in asserting the Statute of Limitations defense. Plaintiffs do not show that they were unaware of all the relevant facts underlying the defense at the time the answer containing the counterclaims was served. Therefore, amendment was improperly allowed and defendants' counterclaim for negligent performance of the 1971 contract should not have been barred by the Statute of Limitations (see, also, *Fahey v County of Ontario*, 55 AD2d 1034). However, recovery was nevertheless properly denied with respect to defendants' claims for damage due to water seepage into the basement, the buckling and subsequent collapse of the retaining wall and the sag which developed in the garage roof. In each instance defendants failed to establish either plaintiffs' negligence with respect to these items or the specific amount of monetary damage sustained. With regard to the garage door, however, there was undisputed testimony by defendants' expert witness that installation was faulty and that repairs would cost $250. Accordingly, plaintiffs' judgment should be reduced by allowing a credit of $250 for damages due to the negligent installation of the garage door. All concur, Witmer, J., in the following memorandum: In concurring I wish to point out that this case is distinguishable from *Fahey v County of Ontario* (55 AD2d 1034), cited in the foregoing memorandum, in which Presiding Justice Marsh and I dissented. Here the plaintiff delayed until the time of trial before moving to amend to interpose the defense of the Statute of Limitations against the counterclaim. Under such circumstances I do not object to the application of the principle of the *Fahey* decision. (Appeal from judgment of Wayne County Court—breach of contract.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.