■ LOIS M. DWYER, Appellant, v CITY OF SYRACUSE et al., Respondents. (Action No. 1.) LOIS M. DWYER, Appellant, v COUNTY OF ONONDAGA et al., Respondents. (Action No. 2.)—Order insofar as it grants defendant city's motion in Action No. 1 unanimously reversed, with costs, and motion denied, and otherwise order affirmed. Memorandum: These two actions arise from the arrest of plaintiff on April 15, 1972 by City of Syracuse police officers upon the order of defendant Dr. Robert Pittenger. It is alleged that

at the time of the arrest Dr. Pittenger was acting in the employ or on behalf of the defendants County of Onondaga and Commissioner of Mental Health. In both cases, plaintiff asserts causes of action for false arrest and malicious prosecution. On the day of the arrest, while the plaintiff was in custody, she executed an instrument purporting to release the Syracuse Police Department from all liability and damages on account of her arrest. Both actions were instituted in November, 1972; the answer in Action No. 1 was served in January, 1973; and the answer in Action No. 2 was served in December, 1972. The defendants in Action No. 1 did not assert the defense of release in their answer. On October 25, 1973 it was ordered that the actions be tried together, without consolidation. A note of issue containing a statement of readiness was filed on November 5, 1973. The cases proceeded to the day calendar and on February 17, 1977 the parties in Action No. 1 announced that they were ready to proceed to trial on February 22, 1977. The trial date was deferred, however, until March 15, 1977 upon the request of the defendant Onondaga County. On March 4, 1977 the defendant City of Syracuse moved to amend its answer to allege the defense of release. The affidavit in support of the motion fails to offer any excuse for the long delay in interposing that defense. Plaintiff appeals from Special Term's order which granted the motion. While it is true that leave to amend a pleading should be freely granted (CPLR 3025, subd [b]), we have held that "Where a case has long been certified ready for trial, an affidavit of reasonable excuse for the delay in making the motion together with a showing of merit in the proposed amendment is required." (*Pick v McCombs,* 57 AD2d 1078, 1079; see, also, *Gardner v Fyr-Fyter Co.,* 55 AD2d 816; *Walter v Le Cesse Corp.,* 54 AD2d 1136.) Here the motion to amend the answer was made almost five years after the incident which gave rise to the action; more than four years from the submission of the answer; more than three years from the filing of the statement of readiness; and several days after it was announced by the defendants in Action No. 1 that they were ready for trial. In such circumstances it was not a proper exercise of discretion to grant the motion. The other issue on appeal arises in Action No. 2 from Special Term's order which permitted "the County of Onondaga [to] withdraw as the attorney and counsel for the defendant Dr. Robert Pittenger". Although the plaintiff has taken an appeal from that order, we find that she is not an aggrieved party within the meaning of CPLR 5511. (Appeal from order of Onondaga Supreme Court—amend answer, etc.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.