■ ANITA MAIOLO, Respondent, v JAMES P. DE MARE, Respondent, and

Isam A. Sakati et al., Doing Business as Syrian American Realty Co., Appellants.—Order unanimously reversed, without costs, and motion granted. Memorandum: Defendants Sakati and Adams appeal from that part of an order of Special Term which denied leave to amend their pleading by adding an additional cause of action sounding in fraud in their cross claim against the defendant De Mare. Plaintiff commenced this action for ejectment in July, 1975. She alleges that a one-story ranch-style house constructed on land now owned by Sakati and Adams encroaches upon her adjoining property. Sakati and Adams acquired their property from De Mare, the builder of the house, on May 22, 1975. The note of issue and statement of readiness were filed in February, 1976 and the matter was scheduled for trial on May 23, 1977. Shortly before the trial date, the recently substituted attorney for Sakati and Adams learned that De Mare had been informed by plaintiff of the claimed encroachment prior to De Mare's sale of the premises to Sakati and Adams. It is upon this newly discovered fact that Sakati and Adams seek to premise an additional cross claim that De Mare knowingly made false representations to them upon which they relied in purchasing the property. CPLR 3025 (subd [b]) permits a party to amend his pleading "at any time by leave of court" and provides that such leave "shall be freely given upon such terms as may be just". We have repeatedly held that where a case has long been certified ready for trial, the moving party must furnish an affidavit of reasonable excuse for the delay in making the motion and must demonstrate that there is merit in the proposed amendment (see, e.g., *Pick v McCombs,* 57 AD2d 1078; *Walter v Le Cesse Corp.,* 54 AD2d 1136; *Barry v Niagara Frontier Tr. System,* 38 AD2d 878). Here it is clear that Sakati and Adams have satisfied those requirements and in the absence of "prejudice or surprise resulting directly from the delay," neither of which reasonably may be claimed by De Mare, the amendment to the cross claim should have been permitted *(Fahey v County of Ontario,* 44 NY2d 934, 935; see *Leonard v Davenport & Sons,* 41 AD2d 526; *Belott v State of New York,* 40 AD2d 729; *Lermit Plastics Co. v Lauman & Co.,* 40 AD2d 680). (Appeal from order of Oneida Supreme Court —amend answer and cross claim.) Present—Marsh, P. J., Cardamone, Dillon, Schnepp and Witmer, JJ.