■ CITY OF WATERTOWN, Respondent, v DAVID A. ROY, Appellant.— Order reversed, with costs, and motion denied. Memorandum: On November 4, 1972 a collision occurred in the City of Watertown between a fire engine owned by plaintiff and a motor vehicle owned and operated by defendant. Alleging property damage to the fire engine and personal injuries suffered by two firefighter employees, plaintiff commenced this action by service of a summons and complaint on defendant on July 19, 1973. The complaint demanded judgment in the total amount of $30,000. Issue was joined on August 2, 1973 and on December 18, 1973 a note of issue was filed by plaintiff. On December 2, 1974 the case was ordered to the Deferred Calendar because defendant was on active duty in the United States Navy serving outside of the United States. Nothing further was done on the case until 1978. On May 9, 1978 a companion case instituted in 1973 by defendant Roy and his wife against the City of Watertown was ordered to be tried on a day certain commencing June 12, 1978 and prior thereto and during the week of June 5, 1978 plaintiffs Roy in the companion action were to make themselves available at Watertown, New York, for examination before trial and physical examination. The Roys did appear for such examinations

on June 9, 1978 as did firefighter Heaslip, one of the injured employees of plaintiff City of Watertown. Both were deposed by the attorneys for the respective parties. Apparently it was expected that after the examinations before trial were completed the two cases would proceed to trial on June 12, 1978. On the day when trial was to commence, plaintiff indicated a desire to amend its complaint by increasing its *ad damnum* clause from $30,000 to $400,000 and requested that the case be marked over to the October, 1978 trial term to permit it to make the appropriate motions. At some inconvenience to defendant Roy, who had come to the City of Watertown from the Republic of Cuba for the trial, the request for an adjournment was granted and plaintiff proceeded with its motion, which the court granted. In support of the motion to amend the complaint plaintiff's attorney submitted an affidavit in which he alleges that during preparation for trial he became aware of the fact that the plaintiff had expended large sums of money for the payment of medical, hospital and other expenses on behalf of firefighter Heaslip who, it is now claimed, is totally disabled and that plaintiff will have to pay large sums of money for wages and future medical expenses as a result of the injuries suffered by Heaslip. No medical affidavit was submitted by plaintiff nor was there an affidavit by Heaslip. No showing was made as to the merits of the case or explanation or excuse given for the long delay in making the motion which was over five and one-half years from the date of the accident, almost five years from the commencement of the action, and four and one-half years from the date of filing the note of issue except counsel's statement by affidavit that from August 2, 1973 he made no further investigation or preparation of the case by reason of the fact that defendant was outside the jurisdiction of the court. Such explanation is inadequate and unacceptable. In its bill of particulars dated September 11, 1973 plaintiff indicated that neither of the injured firefighters was admitted to a hospital nor was confined to his bed, that firefighter Green (who retired on disability shortly after the accident and has since died) was off duty for 15 days and that firefighter Heaslip was not off duty at all. Total damages claimed by plaintiff in its bill of particulars dated September 11, 1973 was $5,109. Plaintiff never moved for leave to serve an amended or supplemental bill of particulars nor was such a proposed bill of particulars submitted in support of the motion. In his examination before trial in June, 1978, firefighter Heaslip testified that he lost no time from work from the date of the accident until September 7, 1977 and was never hospitalized for the injuries attributable to the accident. His claim now is one of permanent disablement. Judicial discretion in allowing amendments to pleadings should be exercised discreetly and with caution where a case has long been certified as ready for trial. (*Dwyer v City of Syracuse,* 61 AD2d 1132; *Pick v McCombs,* 57 AD2d 1078; *Walter v Le Cesse Corp.,* 54 AD2d 1136.) "To permit the substantial increase of the *ad damnum* clause sought by plaintiff requires a prima facie showing of the inadequacy of the demand in the complaint supported by a physician's affidavit demonstrating with some degree of specificity the nature of the plaintiff's injuries, their prospective consequences, the resulting disabilities and the causal relationship between such disabilities and the original injuries sustained." (*Jimenez v Seickel & Sons,* 22 AD2d 643.) Generally, leave to serve amended pleadings is freely granted (CPLR 3025, subd [b]). "However, where amendment is sought on the eve of trial a plaintiff must make a further showing that the amendment is justified by submitting an affidavit pointing to the recent discovery of additional facts (usually medical) or otherwise supplying an adequate explanation for the delay". (*Gardner v Fyr-Fyter Co.,* 55 AD2d 816.) Defen-

dant was made aware of certain injuries and the consequences thereof by virtue of the original complaint and bill of particulars served some five years prior to the motion to amend the complaint. These pleadings afforded him no awareness of the claim now being made. Under all the circumstances it was not a proper exercise of discretion to grant the motion to amend the complaint and the order should be reversed. All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). CPLR 3025 (subd [b]) prescribes that leave to amend pleadings shall be freely given upon such terms as may be just. It is well established that permission to increase the *ad damnum* clause in an action for damages lies within the sound discretion of the court. The delay in this case was caused not by the plaintiff but rather by the unavailability of the defendant. An examination before trial was conducted of all parties upon the return of the defendant to the jurisdiction. The motion to amend the *ad damnum* clause was made by the plaintiff's counsel upon receipt of a medical report indicating more extensive injuries and damages. Defendant elected not to have a physical examination of plaintiff nor demanded a further bill of particulars, while on notice of the extent and nature of plaintiff's damages from disclosures made in a companion action. Where knowledge was had by defendant of the nature of the damages, delay alone in seeking amendatory *ad damnum* relief does not constitute prejudice sufficient to warrant denial. (*Finn v Crystal Beach Tr. Co.*, 55 AD2d 1001.) Since the defendant cannot justly claim prejudice or surprise, Special Term did not abuse its discretion as a matter of law in granting plaintiff's motion to amend. (*Fahey v County of Ontario*, 44 NY2d 934.) (Appeal from order of Jefferson Supreme Court—amend complaint.) Present—Hancock, Jr., J. P. Schnepp, Callahan, Doerr and Moule, JJ.