■ PATRICIA S. LOOMIS, an Infant by WILLIAM R. LOOMIS, SR., Her General Guardian, Respondent, v. CITY OF BINGHAMTON, Appellant.— Appeal from a judgment of the County Court of the County of Broome, entered March 16, 1973, upon a jury verdict rendered at a Trial Term in favor of plaintiff. On June 26, 1969, two police officers employed by defendant, City of Binghamton, attempted to execute a warrant of arrest on Collette Snow, plaintiff's sister, at their residence. Although plaintiff did not match the description in the warrant and she advised the officers that she was Patricia, not Collette, and others at the scene also similarly advised them, the officers took her into custody and brought her to the Binghamton Police Station where she was detained for two and one-half hours until her sister appeared. Thereafter, plaintiff instituted this action against the City of Binghamton to recover compensatory and punitive damages for false arrest. The jury awarded plaintiff $2,000 in compensatory damages and $4,000 in punitive damages. Defendant now contends that punitive damages are not recoverable against a municipal corporation and, in any event, there is no evidence that the employer participated in, condoned or ratified the acts of the police officers. Defendant, however, made no exception to the trial court's charge to the jury on the issue of punitive damages which clearly placed before the jury the issue of whether a Police Captain and a Police Lieutenant were (1) aware of the facts concerning her arrest; (2) occupied managerial positions within the city; and (3) while in these positions, condoned the actions of the two police officers who took plaintiff into custody. Having failed to except to the charge, that issue was not preserved for appeal. (*Ehrets* v. *City of Binghamton*, 28 A D 2d 1068; *Gross* v. *City of Bingham-*

*ton,* 43 A D 2d 653.) On the trial, at the close of plaintiff's case, the defendant moved to amend its answer to plead an affirmative defense of justification. This motion was denied on the grounds that the facts sought to be pleaded were within the knowledge of defendant from the inception of the case, and that it was not until the day of the trial that anyone connected with the defense thought that an affirmative defense should be pleaded. Thereafter, the court rejected the offer of evidence in justification. The granting or denial of a motion for leave to amend is within the sound discretion of the court. While leave to amend should ordinarily be freely granted, the denial of such a motion made upon the trial, when the facts upon which it is based were known from the inception of the case, does not constitute an abuse of discretion. (*Procho* v. *Procho,* 30 A D 2d 615; *Annacchino* v. *Annachino,* 61 Misc 2d 636.) Defendant's contention that it was not necessary to plead justification as an affirmative defense is without merit. CPLR 3018 (subd. [b]) provides that " a party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading ". While this statute lists certain matters as examples, it provides that " The application of this subdivision shall not be confined to the instances enumerated." Justification in mitigation of damages is not enumerated but would come within the meaning of the statute and must, therefore, be pleaded if a party intends to avail itself of that defense. (Cf. *Millea* v. *City of New York,* 25 Misc 2d 369.) The final contention of defendant is that the court committed error in failing to instruct the jury to disregard a newspaper article which was published on the morning of the second day of the trial. The court, at the close of defendant's case, determined the issue of liability for the false arrest as a matter of law, and left only the issue of damages to be determined by the jury. The court gave the usual admonishments to the jury each time it was excused, and carefully instructed the jury in its charge to consider only the evidence presented upon the trial. In our opinion, no error was committed, and the court did not abuse its discretion in not examining each juror concerning the newspaper article. Judgment affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney and Reynolds, JJ., concur; Kane, J., dissents and votes to reverse in the following memorandum: Kane, J. (dissenting). On prior occasions this court has not reached the question of punitive damages, adopting the position such issue was not preserved for appeal (*Ehrets* v. *City of Binghamton,* 28 A D 2d 1068; *Gross* v. *City of Binghamton,* 43 A D 2d 653). The award of punitive damages should not stand. The injured party is entitled to full compensation for the damages she sustained and against those who are responsible, but in the absence of a statute or the most extraordinary circumstances, exemplary damages should not be recovered in a tort action against a municipality (*Matter of Mastrodonato* v. *Town of Chili,* 39 A D 2d 824; *Costich* v. *City of Rochester,* 68 App. Div. 623; 40 N. Y. Jur., Municipal Corporations, § 979; 63 C. J. S., Municipal Corporations, § 947). The charge to the jury had to contain such instructions, which in any event could not, upon the record in this case, sustain an award for punitive damages. Under the circumstances, the failure to except to this fundamental error of law in the charge does not preclude review of the same on appeal (*Loeb* v. *United Traction Co.,* 24 A D 2d 917, 918; *Winser* v. *Trombley,* 14 A D 2d 963). The judgment appealed from should be reversed, on the law and in the interest of justice, and a new trial granted, with costs to appellant to abide the event.