■ JESSIE DAVIS, Respondent, v CITY OF TROY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 12, 1976 in Rensselaer County, which granted plaintiff's motion for leave to serve an amended complaint. The original complaint alleged causes of action for false arrest, assault and negligence, and the total amount of the demand in the *ad damnum* clause was in the sum of $125,000. Special Term granted leave to amend the complaint to add a cause of action for malicious prosecution, and to increase the *ad damnum* to $450,000 for all the causes of action pleaded. In support of the motion there was submitted an affidavit by plaintiff's attorney and the proposed amended complaint. The record discloses that the attorney represented the plaintiff in the prior criminal proceedings and that the changes in the pleading involve matters within the attorney's competence. In such circumstances Special Term properly exercised its discretion in permitting the additional cause of action to be pleaded. However, in an application to increase the *ad damnum* plaintiff must show sufficient reasons for the delay in making the motion, and that the increase is warranted by reason of information recently coming to the attention of plaintiff *(Boehm Dev. Corp. v State of New York,* 42 AD2d 1018). As to the causes of action involving personal injuries, plaintiff is also required to submit an affidavit by a physician showing the nature of the injuries and causal relation to the occurrence sued on *(DeCarlo v Economy Baler Div. of Amer. Hoist,* 57 AD2d 1002; *Shore v Lubov,* 46 AD2d 668; *Battaglia v Elliott Dev. Corp.,* 34 AD2d 980). There has been a complete failure on the part of the plaintiff to meet these requirements and, in fact, the moving affidavit does not even seek to increase the *ad damnum* clause. Order modified, on the law and the facts, by reversing so much thereof as granted plaintiff's motion to increase the *ad damnum* clause; motion denied, without prejudice to renewal thereof on proper supporting papers, and, as so modified, affirmed, without costs. Koreman, P. J., Sweeney and Mahoney, JJ., concur; Kane and Larkin, JJ., concur in part and dissent in part in the following memorandum by Kane, J. In addition to the inadequacy of plaintiff's documentation to justify any increase in the *ad damnum* clause of his original complaint, we note that the newly pleaded cause of action for malicious prosecution contains a demand for exemplary damages. In our view, punitive damages are recoverable against a municipality, if at all, only in the most extraordinary circumstances (see *Loomis v City of Binghamton,* 43 AD2d 764, 765 [dissenting opn]), and the amended complaint is wholly

devoid of allegations warranting such relief under any theory. Accordingly, the order appealed from should be further modified so as to strike references to exemplary damages from the malicious prosecution claim of the amended complaint.