■ CHANDRA LYCETT et al., Appellants, v NIAGARA FRONTIER TRANSIT SYSTEMS, INC., et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: On May 24, 1971 plaintiff Joyce Lycett's automobile was allegedly struck by a bus owned by defendant Niagara Frontier Transit System, Inc., and operated by defendant Steve Thomas. From May, 1971 to January, 1973 plaintiff visited various doctors concerning the pain she claimed existed in her legs, especially the left knee. After examinations, plaintiff's physicians were unable to find anything objective in her complaints or find any permanent defects; they attributed the pain to "emotional overlay", "minor trauma" and her overweight condition. Plaintiff commenced this personal injury action in May, 1973 seeking $15,000 in damages for herself and $15,000 for each of her two children who were passengers. While her complaint alleged permanent injury, the bill of particulars served on defendants in May, 1973 made no mention of permanency. Defendants' physician examined plaintiff in October of 1973 and agreed with her doctors that no permanent disability could be found. Note of issue and statement of readiness were filed in Supreme Court, Erie County, on August 23, 1974. Thereafter, at a pretrial conference held November 17, 1976, plaintiff offered to settle her action for $4,500; defendants declined the offer and, upon their motion, the action was transferred to Buffalo City Court. The matter lay dormant for almost two years until plaintiff fell at work in March, 1978, injuring her left leg. She filed for workers' compensation; in September, 1978 the Workers' Compensation Board determined plaintiff was 15% permanently disabled in her left knee. On October 28, 1978 plaintiff filed a second note of issue and statement of readiness in Buffalo City Court. She again offered a settlement to defendants, this time of $3,000 for her action and that of the two children; this was turned down. On the scheduled trial date, September 11, 1979, plaintiff moved to amend her bill of particulars to allege permanent injury and to increase her *ad damnum* clause from $15,000 to $150,000. The motion was transferred to Supreme Court, Erie County, where plaintiff further moved that the entire · action be so transferred. Plaintiff appeals from the court's denial of each of her motions. Where a case has long been certified ready for trial, judicial discretion in allowing amendments should be cautious *(City of Watertown v Roy*, 73 AD2d 832; *Walter v Le Cesse Corp.*, 54 AD2d 1136). Furthermore, an affidavit of reasonable excuse for the delay in making the motion together with a showing of merit in the proposed amendment is required *(Pick v McCombs*, 57 AD2d 1078). Plaintiff's motion to amend her bill of particu-

lars and increase the *ad damnum* clause was made over eight years from the date of the accident, five years after filing the first statement of readiness and nine months after filing the last, and at least one year after the last significant doctor's examination. There was no reasonable excuse offered for the long delay; the accompanying medical affidavit, of a physician examining plaintiff more than six years after the accident, fails to demonstrate with any degree of specificity the prospective consequences of plaintiff's alleged injuries, her resulting disabilities, and the causal relationship between such disabilities and the original injuries sustained *(De Carlo v Economy Baler Div. of Amer. Hoist & Derrick Co.,* 57 AD2d 1002; *Davis v City of Troy,* 57 AD2d 990); and, furthermore, no copies of the proposed amendment were submitted *(Walter v Le Cesse Corp., supra; Barry v Niagara Frontier Tr. System,* 38 AD2d 878). With respect to the motion to increase the *ad damnum,* plaintiff failed to make a prima facie showing that the demand in her complaint is inadequate and that the increase is warranted by reason of a recent discovery of additional facts *(City of Watertown v Roy, supra; Davis v City of Troy, supra).* Since the transfer to City Court did not affect the monetary jurisdiction available to plaintiff (CPLR 325, subd [d]; 22 NYCRR 1024.20), there is no reason to remove this action to Supreme Court. (Appeal from order of Erie Supreme Court — transfer action to Supreme Court; amend *ad damnum* clause.) Present — Dillon, P. J., Cardamone, Doerr, Denman and Moule, JJ.