■ PHILIP H. MUNSON, JR., Doing Business as MUNSON FARMS, Appellant, v NEW YORK SEED IMPROVEMENT COOPERATIVE, INC., Respondent. — Appeal from a judgment of the Supreme Court in favor of defendant, entered July 28, 1983 in Tompkins County, upon a directed verdict dismissing the complaint and awarding defendant damages on its counterclaim by the court at Trial Term (Bryant, J.), after the opening statements by counsel to the jury. ¶ This action arose out of defendant's failure to deliver to plaintiff in the spring of 1982, pursuant to a written agreement dated July 14, 1981, 25,000 pounds of "foundation redkloud red kidney bean seed" ("foundation seed") on a pro rata share of the available "foundation seed" due to plaintiff as a result of his membership in the defendant cooperative. Accompanying plaintiff's order was a $5,000 deposit. When planted, "foundation seed" produces "registered seed" at approximately a 20-fold increase in quantity, which plaintiff intended to sell. Sometime in the early spring of 1982, a representative of defendant notified plaintiff that due to a failing harvest, plaintiff's order for "foundation seed" could not be filled that year; nor would there be any quantity sufficient to offer the plaintiff a pro rata share. However, this representative offered to substitute a similar quantity of "registered seed", which would yield a lower grade of seed, at a reduced price of $14,500. Plaintiff himself picked up the "registered seed" in late April or May of 1982, and attempted to return the seed

to defendant in June of 1982. ¶ Just after completion of opening statements to the jury, the trial court recessed the trial and, after an extensive conference with counsel in chambers, announced that he intended to direct a verdict in favor of defendant by dismissing plaintiff's complaint and granting defendant judgment in the amount of $9,500, plus interest, on its counterclaim. When court reconvened, counsel for plaintiff was permitted to place on the record an offer of proof, after which the verdicts in favor of defendant were directed. When those present were leaving the courtroom, plaintiff's counsel requested permission to amend his pleadings and his request was denied. We agree with the trial court as to the dismissal of plaintiff's complaint, but disagree as to the judgment granted to defendant on its counterclaim. ¶ Plaintiff claims on this appeal that the "registered seed" received by him was of inferior quality, resulting in monetary damages, and that his offer of proof was sufficient to avoid dismissal of this cause of action. The amended complaint, however, which is the last pleading served by plaintiff, contains no such cause of action. Rather, it alleges that because of defendant's failure to deliver the "foundation seed" originally ordered, the good will that plaintiff had with certain of its customers was diminished. As a consequence of the parties' agreement to substitute "registered seed" at a reduced price and plaintiff's receipt of the agreed upon quantity of "registered seed", defendant's obligation under the original agreement was extinguished, whether the subsequent transaction is viewed as a novation or an accord and satisfaction (see *American Bank & Trust Co. v Koplik,* 87 AD2d 351, 354-355, app withdrawn 58 NY2d 1115). Moreover, plaintiff's offer of proof is totally unrelated to the original agreement for the purchase of "foundation seed", which is the subject of the amended complaint. The offer of proof sought recovery on a wholly new theory based upon facts not previously alleged in the pleadings. The trial court properly rejected this offer of proof (see *Zappalo & Co. v Pyramid Co.,* 81 AD2d 983, 984, mot for lv to app den 55 NY2d 603). "Quite simply, plaintiff cannot recover on a * * * theory which [he] has never pleaded" (*Weinberg v D-M Rest. Corp.,* 53 NY2d 499, 509). Accordingly, since the proof offered by plaintiff was patently insufficient to support the only cause of action pleaded in the amended complaint, dismissal was appropriate. ¶ We further find no error in the trial court's denial of plaintiff's motion to amend his pleadings. The new theory which plaintiff sought to assert was based upon facts not alleged in any of the pleadings, facts which were known to plaintiff from the inception of the case. Additionally, plaintiff's motion was not made until after his offer of proof and after the trial court had rendered its decision to dismiss the amended complaint. Under these circumstances, we see no abuse of discretion in the trial court's ruling (see *Fultonville Frozen Foods v Niagara Mohawk Power Corp.,* 91 AD2d 732; *Loomis v City of Binghamton,* 43 AD2d 764, app dsmd 34 NY2d 537). ¶ Finally, we agree with plaintiff that the trial court erred in summarily granting judgment to defendant on its counterclaim. Plaintiff's offer of proof concerning the inferior quality of the "registered seed" delivered by defendant and his attempt to reject the seed was sufficient to raise questions of fact as to defendant's entitlement to the full amount of the unpaid balance due (see Uniform Commercial Code, art 2, parts 6, 7). ¶ Judgment modified, on the law, by reversing so much thereof as directed a verdict in favor of defendant on its counterclaim, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.