■ SHEREE A. HOLSHEK, Respondent, v CURTISS J. STOKES, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Orange County (Dickinson, J.), entered May 1, 1985, which is in favor of the plaintiff and against him in the principal sum of $250,000.

Judgment reversed, on the facts and as an exercise of discretion, without costs or disbursements, and new trial

granted on the issue of damages only, unless 20 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $175,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced as amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed.

Due to the negligence of the defendant, the plaintiff suffered serious injuries to both her knees. In the medical report supplied by the plaintiff's doctor, it was stated that it was not determinable whether the injuries were permanent. The bill of particulars, however, alleged that the injuries were believed to be both permanent and arthritis producing. At trial, the doctor was permitted to testify that the injuries were permanent, arthritis producing, and that the plaintiff's complaints indicated that she had already begun to develop an arthritic condition. Additionally, the doctor testified that the plaintiff had a torn miniscus, an opinion he based on his examination of the plaintiff, his reading of an X ray, and the report of another doctor.

The court properly exercised its discretion pursuant to 22 NYCRR former 672.8 (now 22 NYCRR 202.17), in permitting the doctor to testify as to the permanency of the knee injuries. 22 NYCRR former 672.8 provided, in pertinent part: "Unless an order to the contrary is made or unless the judge presiding at the trial, in the interests of justice and upon a showing of good cause, shall hold otherwise * * * no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports".

Firstly, while the doctor's report did not state that the injuries were permanent, it did not foreclose this possibility; therefore the defendant cannot claim surprise or prejudice by this testimony *(see, Manoni v Giordano,* 102 AD2d 846). Moreover, permanency cannot be considered an injury or condition. Rather, it relates to the severity of the knee injuries put into issue in the medical report *(see, Johnson v School Dist.* 83 AD2d 931). Further, the doctor's testimony as to the possibility of arthritis in the future was properly admitted as a valid medical opinion as to a possible complication of the injuries. Again, the defendant cannot claim surprise or prejudice by this testimony, especially in light of the fact that the condition was raised in the bill of particulars. Lastly, we find that

the doctor's testimony that the plaintiff's present symptoms could indicate the onset of arthritis was properly admitted as the plaintiff testified to these symptoms at trial; therefore the doctor was merely giving his opinion as a medical doctor as to the significance of these symptoms.

Additionally, the doctor's testimony that the plaintiff has suffered a torn miniscus was properly admitted, although based in part on an X ray and report not in evidence. An expert may rely upon material not in evidence, if it is of a kind accepted in the profession as reliable in forming a professional opinion (see, People v Sugden, 35 NY2d 453; Hambsch v New York City Tr. Auth., 63 NY2d 723; O'Shea v Sarro, 106 AD2d 435). Here, the material relied upon met this test. Additionally, while not in evidence, the defendant had a copy of both the X ray and the report; accordingly, he was not foreclosed from effective cross-examination.

The verdict as to damages was excessive to the extent indicated. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.