■ MARIA T. RODRIGUEZ, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants, et al., Defendants.—In an action to recover damages for personal injuries, the defendants Port Authority of New York and New Jersey and United Airlines, Inc. appeal from an order of the Supreme Court, Queens County (Cooperman, J.), dated August 17, 1987, which denied their motion to preclude the plaintiff from offering certain medical evidence at trial and to vacate the plaintiff's supplemental bill of particulars.

Ordered that the order is affirmed, with costs.

In her original bill of particulars, the plaintiff alleged she suffered, *inter alia,* a herniated disc as a result of the 1979 accident giving rise to this litigation. In a 1980 report timely served on the appellants, the plaintiff's treating physician set forth his suspicion that the plaintiff had a herniated disc. After the filing of a note of issue, the defendant Braniff International Airlines, Inc. (hereinafter Braniff) filed a bankruptcy petition and all further proceedings in this action were stayed until 1986 when the plaintiff successfully moved for a severance as against Braniff. It was not until 1987, however, at a pretrial conference conducted at her request, that plaintiff revealed that in March 1983 she had undergone a myelogram which confirmed the existence of the herniated disc and that surgery was performed for its removal in that month. Shortly after the 1987 pretrial conference, the plaintiff served a supplemental bill of particulars setting forth that the 1983 procedures occurred and alleging related special damages. She also served the relevant medical reports. The appellants have been afforded and taken advantage of the opportunity to conduct further disclosure with respect to the 1983 procedures.

Inasmuch as the plaintiff has from the outset of the litigation alleged she sustained a herniated disc, she was entitled to serve a supplemental bill at least 30 days before trial without obtaining court leave (CPLR 3043 [b]; *Portnow v Shelter Rock Pub. Lib.,* 125 AD2d 382). With respect to the medical reports, the appellants cannot claim surprise *(see, Holshek v Stokes,* 122 AD2d 777) and their assertions of prejudice because of the four-year delay in being informed of the 1983 procedures are speculative. The Supreme Court therefore properly exercised its discretion *(cf., CPLR 3043 [c]; Holshek v Stokes, supra)* when it declined to vacate the plaintiff's supplemental bill and when it declined to preclude her from offering evidence at trial concerning the 1983 procedures. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.