■ MARTIN MARKONIC, Respondent, v DAVID LEROY, JR., et al., Defendants, and KARMAN L. SCHWEIG, Also Known as KARMAN L. SCHWEIGER, Appellant.—Weiss, J. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered October 31, 1989 in Ulster County, which dismissed the second affirmative defense of defendant Karman L. Schweig.

Plaintiff attempted to effect service of process pursuant to Vehicle and Traffic Law § 253 upon defendant Karman L. Schweig (hereinafter defendant) by certified mail in New Jersey at the address given to the police following an accident on the Mid-Hudson Bridge over the Hudson River between Ulster and Dutchess Counties. Plaintiff was struck by a truck owned by defendant and operated by his employee, defendant David Leroy, Jr., while working on said roadway. The answer served by defendant asserted a second affirmative defense alleging that Supreme Court lacked jurisdiction because of improper service of process. Following the filing of a request for judicial intervention together with an affidavit by plaintiff's attorney requesting a preliminary conference, the parties appeared before Supreme Court and placed upon the record a stipulation of facts and submitted the pleadings and defendant's written responses to a notice to admit. After hearing oral argument in what was considered to be a traverse hearing, Supreme Court upheld service and ordered the second, third and fourth affirmative defenses stricken. Defendant now appeals only that part of the order as dismissed his second affirmative defense.

Defendant first attacks the procedure by which the case was brought on for a traverse hearing without a notice of motion or order to show cause. Defendant correctly argues that CPLR 2214 requires a written notice of motion or order to show cause to bring on a motion and CPLR 2218 provides for an order by the court when a separate trial of an issue is ordered (see, Double A Limousine Serv. v New York, N. Y. Limousine Serv., 130 AD2d 403, 404). However, defendant fully participated in the proceedings at the preliminary conference without objection. Accordingly, his present contention has not been preserved for appellate review (see, CPLR 5501; 1 Newman, NY Appellate Practice § 2.03). Moreover, the record of the proceedings at the settlement conference clearly shows that defendant waived any objections by his unequivocal participation. After plaintiff's attorney recited that the attorneys had entered into a stipulation "which will narrow the sole issue in this case", defendant's attorney then said, "These are stipu-

lated facts entered into on the Travers *[sic]* hearing regarding [defendant]". He then proceeded to place the stipulation of facts on the record. Therefore, we find defendant's arguments of procedural irregularity unpersuasive.

Consideration of the merits also requires affirmance. This court recently held that the conduct of a defendant, in giving a false residential address to the police at an accident scene, estopped the defendant from contesting the validity of service made upon her at that address *(Harrington V Dickinson,* 159 AD2d 876, 877). Here, also, plaintiff had the right to rely upon the New Jersey address shown on the vehicle registration which defendant's employee, the driver of the truck, had given to the police who investigated the accident and prepared the accident report *(see, supra).*

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.