■ GAIL SKERENCAK, Respondent, v EDWARD H. FISCHMAN, Individually and Doing Business as PODIATRY SERVICES, Appellant.—Order affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion. Plaintiff was entitled to serve a supplemental bill of particulars at least 30 days before trial (CPLR 3043 [b]); *Rodriguez v Port Auth.,* 147 AD2d 625, 626; *Portnow v Shelter Rock Pub. Lib.,* 125 AD2d 382). Moreover, the record establishes that defendant was aware of the additional surgeries as early as May 2, 1988 and was provided with copies of Dr. Myerson's reports prior to plaintiff's being examined by defendant's physician in November, 1989. Therefore, defendant cannot claim either surprise or prejudice *(see, Rodriguez v Port Auth., supra).* In addition, the affidavit of merit submitted by Dr. Myerson sufficiently established a causal relationship between the original injuries for which plaintiff was treated by defendant and the subsequent surgeries and that such additional surgeries flowed from the treatment rendered by defendant.

All concur, except Boomer and Lawton, JJ., who dissent in part and vote to modify in the following Memorandum.

Boomer and Lawton, JJ. (dissenting in part). We respectfully dissent in part. Plaintiff's motion to amend her bill of particulars to show additional injuries resulting from additional surgeries on her foot and to take the deposition of the doctor who performed the surgeries should have been denied. In support of her motion, plaintiff failed to submit a reasonable excuse for the delay in making the motion 12 years after the action was brought, 6 years after the certificate of readiness was filed, more than 2½ years after additional surgeries were performed, and after the case had been scheduled for trial on four occasions *(see, Lycett v Niagara Frontier Tr. Sys.,* 81 AD2d 1034).

Moreover, in support of this motion, plaintiff's counsel has failed to "demonstrate with any degree of specificity * * * the causal relationship" between her additional injuries and the original injuries sustained *(Lycett v Niagara Frontier Tr. Sys., supra,* at 1035). In fact, at the hearing before the medical malpractice panel, and again in opposition to defendant's motion for a physical examination of plaintiff, plaintiff's counsel asserted that plaintiff was making no claim for the additional surgeries she underwent, thus indicating that the surgeries were not related to the original injuries.

Consequently, we vote to modify the order appealed from by deleting the directions that plaintiff be allowed to conduct the deposition of Dr. Myerson, that defendant accept the bill of particulars dated May 31, 1990, and that plaintiff's mother be further deposed, and by granting defendant's cross motion to the extent of precluding plaintiff from offering proof of the matters contained in the proposed bill of particulars dated May 31, 1990. (Appeal from Order of Supreme Court, Erie County, Gossel, J.—Discovery.) Present—Callahan, J. P., Boomer, Pine, Lawton and Fallon, JJ.