■ SHERRY M. CHAFEE, Appellant, v ROY GARDNER et al., Respondents.—Appeal from an order of the Supreme Court (Tait, Jr., J.), entered August 23, 1991 in Madison County, which denied plaintiff's motion for leave to amend the complaint.

Supreme Court did not abuse its discretion in denying plaintiff's motion to amend the complaint to increase the ad damnum clause from $100,000 to $1,000,000 *(see, Beuschel v Malm,* 114 AD2d 569; *cf., Davis v City of Troy,* 57 AD2d 990). An important factor to be considered is whether the motion was promptly made after discovery of the facts upon which the amendment is predicated and this factor takes on greater significance when the action is ready for trial *(see, Beuschel v Malm, supra)*. Here, plaintiff claimed that she was diagnosed

---

with "TMJ syndrome" in 1987 and operated on for that condition in April 1989. The motion, however, was not made until June 1991. Furthermore, prior to the motion, on May 29, 1991 plaintiff filed a note of issue and certificate of readiness for trial which indicated that the amount of relief sought was still only $100,000.

Plaintiff was also required to give the reasons for the delay *(see, Davis v City of Troy, supra)*. The only explanation for the delay offered by plaintiff's counsel was that it had recently been "discovered [that] the demand in the original complaint was too low" *(see, Dolan v Garden City Union Free School Dist.,* 113 AD2d 781). The motion was also accompanied only by physician treatment notes and letters and failed to include a physician's affidavit regarding the nature, severity, permanence and causation of plaintiff's injuries *(see, Sylvester v Stephens,* 148 AD2d 523). In any event, these medical documents as well as the facts alleged were not sufficient to explain the basis for the requested increase *(see, supra)*. As Supreme Court noted, plaintiff's counsel did not allege any new symptoms or newly discovered injuries other than the TMJ syndrome which was diagnosed in 1987. Plaintiff also averred only that her "symptoms have failed to subside" and had alleged from the outset that that her injuries were permanent. The medical evidence also revealed no increase in the severity of injuries.

Finally, we note that defendants demonstrated actual prejudice. Believing their exposure to be within the limits of their insurance policies, defendants took no steps in the nearly eight years between the time the suit was commenced and the time the motion was made to defend themselves or to investigate with respect to personal exposure *(see, Dolan v Garden City Union Free School Dist., supra)*. The prejudice might be less compelling had plaintiff demonstrated an increase in the severity of injuries which would render the original amount sought inadequate and had sufficiently explained the delay in seeking the amendment *(see, supra)*.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.