■ GIOVANNI MASI et al., Appellants, v ALBERT L. JACKSON et al., Defendants and Third-Party Plaintiffs-Respondents. FABIAN KELLY, Third-Party Defendant-Respondent. [602 NYS2d 32] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated May 9, 1991, which denied their motion to compel the defendants to accept their supplemental bill of particulars.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contention, the court did not improvidently exercise its discretion in denying their motion to compel the defendants to accept their supplemental bill of particulars. The bill of particulars alleged new injuries and was served after the plaintiffs filed a note of issue and statement of readiness (see, Stevens v Dacion Corp., 184 AD2d 377; cf., Skerencak v Fischman, 182 AD2d 1127). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.

■ KATHLEEN MESSINA et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. [603 NYS2d 750] —In an action to recover damages for medical malpractice, etc., the defendants County of Nassau, Ira Jay Chernoff, Seth Bradley Paul, Kenneth Zaslav, Carl Weiss, Joyce Ott, Gary Corso, and Bruce Philip Meinhard appeal from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated February 15, 1991, as denied their motion for a protective order pursuant to CPLR 3103 concerning item two of the plaintiffs' notice of discovery and inspection.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the material requested by item two of the plaintiffs' notice of discovery and inspection is not exempt from disclosure under Education Law § 6527 (3) (see, Byork v Carmer, 109 AD2d 1087; see also, Bush v Dolan, 149 AD2d 799). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.