■ CATHERINE CLARKE, Appellant, v YONKERS GENERAL HOSPITAL et al., Respondents. [643 NYS2d 545]

Plaintiff Clarke alleged, in this medical malpractice action, that defendants negligently diagnosed and treated her after she fell and fractured her right foot on September 25, 1991, which was not detected until January of 1992. In her first bill of particulars, dated May 18, 1993, plaintiff alleged, *inter alia*, that defendants' failure to diagnose the fracture of the "proximal shaft of the second metatarsal * * * may necessitate surgical reconstruction operation to second metatarsal in future". In a supplemental bill of particulars, dated August 29, 1994, plaintiff asserted: "Injuries resulting from malpractice of defendants, combined with plaintiff's prior conditions which were aggravated by defendants['] malpractice, have resulted in a large hole, wound and ulceration of about 2-3 cm[.] in diameter at the bottom of her foot, and dissociation of her mid foot and dissociation of the metatarsal joints * * * with difficulty in weight bearing and difficulty in healing, and high risk of infection, and *possibility of amputation."* (Emphasis added.)

Thereafter, in early 1995, a further deposition of plaintiff was ordered and took place concerning the additional information in this supplemental bill. Plaintiff was admitted to the hospital in May of 1995 for further treatment and defendants were advised that she would move to include this admission to her damages at trial. Plaintiff attached an authorization for defendants to obtain the hospital records to the letter giving defendants this information. In June of 1995, a below-knee amputation was performed, and when defendants refused to accept it without court intervention, plaintiff cross-moved for an order permitting the service of the third supplemental bill of particulars and an increase in the ad damnum amount.

The IAS Court denied this cross-motion, finding that the expert's affirmation failed to demonstrate a causal connection between the alleged acts of malpractice and the amputation, and that the third bill was an "amended" bill since new injuries were alleged therein. We conclude that these findings and the denial of the cross-motion were erroneous and therefore modify to grant plaintiff's cross-motion.

Pursuant to CPLR 3043 (b), "[a] party may serve a supplemental bill of particulars with respect to claims of continuing special damages and disabilities without leave of court at any time, but not less than thirty days prior to trial. Provided however that no new cause of action may be alleged or new injury claimed". In the case herein, as detailed above,

defendants were on notice from the supplemental bill served in August of 1994 that plaintiff had a high risk of infection and amputation of the injured foot. Further, the record indicates that defendants had a medical report from Dr. Marzano dated September 13, 1994, which mentioned the possibility of amputation, at the time of their second deposition of plaintiff in February 1995 (and they inquired at this deposition as to the possibility of amputation). Therefore, the bill of particulars, dated June 29, 1995, did *not* allege a "new" injury. Since the plaintiff had, long before, alleged a prior condition exacerbated by defendants' alleged malpractice resulting in a wound with a high risk of infection and amputation, she was entitled to serve a supplemental bill asserting this very injury and concomitant damages at least 30 days before trial without obtaining court leave (*see, Rodriguez v Port Auth.*, 147 AD2d 625, 626). ·

In addition, the affirmation of the medical expert clearly set forth that the failure of defendants to diagnose and treat the fracture was "a substantial factor in causing the amputation". Contrary to the conclusion of the IAS Court, it was sufficient on its face to support plaintiff's request for an increase in the ad damnum. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.