■ ELMA BRAUNSTEIN, Appellant, v TAJ GROUP OF HOTELS et al., Respondents. [653 NYS2d 18] —Order and judgment (one paper), Supreme Court, New York County (William Davis, J.), entered August 7, 1995, which, *inter alia*, granted defendants' cross motion to confirm the report of the Special Referee upon

a traverse hearing, dismissed the complaint against all defendants on Statute of Limitations grounds, and dismissed the complaint against all the defendants except Hotel Lexington for lack of personal jurisdiction, unanimously affirmed, without costs.

A traverse hearing was directed to be conducted before a Special Referee in order to determine whether service in this personal injury action was properly made, and the date on which service was made. The evidence supported the Special Referee's finding that service was attempted on April 1, 1992, outside the Statute of Limitations (CPLR 214 [5]). Plaintiff did not make a written motion to recuse the Special Referee on the ground that he engaged in ex parte communications with counsel for both sides until after the Special Referee rendered a report against plaintiff's interests. His argument is therefore waived (*see, Markonic v Leroy*, 167 AD2d 713).

In view of the foregoing, it is unnecessary to reach the other issues raised. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.