■ DUNLOP DEVELOPMENT CORP., Appellant, v ELIOT SPITZER, as Attorney General of the State of New York, et al., Respondents. [810 NYS2d 28]—

Judgment, Supreme Court, New York County (Richard Braun, J.), entered December 20, 2004, which denied the petition and dismissed the proceeding to annul a determination of respondent Office of the Attorney General, issued on or about October 16, 2003, entitling respondent 845 UN Limited Partnership to keep petitioner's down payment, based on petitioner's default under the subject purchase agreement, and bringing up for review, an order, same court and Justice, entered August 9, 2004, which denied petitioner's motion to compel discovery, unanimously affirmed, with costs.

The court properly declined to disturb the determination of the Attorney General's office. The subject offering plan, incorporated by reference in the purchase agreement, stated that issuance of a temporary Certificate of Occupancy created a presumption that the building and unit were substantially complete. Such presumption, once raised, obliged petitioner to close upon 30 days' notice by the sponsor. Petitioner failed to close, and failed to cure the default within the 30-day cure period mandated by the purchase agreement. Petitioner's assertions of alleged defects purportedly rendering the building and unit "uninhabitable" failed to rebut the presumption of substantial completion. The items listed on the Inspection Statement, signed by petitioner's principal, were, by the terms of the offering plan, to be repaired after the closing. We note, moreover, that petitioner alleged different defects before the Attorney General, and then abandoned those allegations at the judicial review level, reverting to its reliance upon defects contained in the Inspection Report. Petitioner's evident uncertainty respecting the basis for its claim of uninhabitability strongly supports the inference that it was merely seeking a pretext for its failure to close. In any event, a rational basis existed for the Attorney General's determination that petitioner had failed to rebut the presumption of substantial completion and had breached the purchase agreement (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of*

*Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Arif v New York City Taxi & Limousine Commn.*, 3 AD3d 345, 346 [2004]).

Petitioner's argument, that the Attorney General was without authority to direct the release of the escrowed down payment to the sponsor, is unpreserved, not having been previously raised, and we decline to reach it. Were we to reach the issue, we would find the agency's interpretation of the applicable rules and regulations promulgated by it, to permit the disputed directive, reasonable and rational, and accordingly entitled to deference (*see Matter of 427 W. 51st St. Owners Corp. v Division of Hous. & Community Renewal*, 3 NY3d 337, 342 [2004]; *and see* General Business Law § 352-e [2-b]). Petitioner has also waived its objection to the failure of the agency to come to a determination within the mandated 30-day period, since it never raised this issue before the agency (*see Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834 [1989]; *Matter of O'Keefe v Safir*, 275 AD2d 684, 685 [2000], *lv denied* 96 NY2d 716 [2001]; *Matter of Harder v Glass*, 234 AD2d 293, 294 [1996]). Moreover, the record supports the conclusion that most of the delay was caused by the events of September 11, 2001 and the need to clarify petitioner's own vague and unsubstantiated allegations.

Petitioner has failed to support its assertion that the agency's precedents required it to offer petitioner a new closing date, instead of directing payment of the down payment to the sponsor, and has waived its contention that it was entitled to another inspection of the premises within one week of the second closing date, again, by failing to raise the issue before the agency. Petitioner's contention that the sponsor conducted itself improperly at the agency proceeding is unpersuasive.

The court properly denied petitioner's motion to amend the petition to include certain claims of bias based on campaign contributions made to the Attorney General by a principal of the sponsor. This issue too was waived by petitioner's failure to raise it at the administrative level, even though such contributions were a matter of public record (*see Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324, 325 [1998]; *and see Douglas v Kingston Income Partners '87*, 2 AD3d 1079, 1082 [2003], *lv denied* 2 NY3d 701 [2004]; *Braunstein v Taj Group of Hotels*, 235 AD2d 370, 371 [1997], *lv denied* 89 NY2d 816 [1997]). In any case, petitioner has failed to demonstrate any actual bias, much less that the challenged determination flowed from such bias (*see Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *Matter of Mauro v Division of Hous. & Community Renewal*, 250 AD2d

392 [1998]). Nor is there merit to petitioner's assertion that a campaign contribution is an illegal "gift," within the meaning of Public Officers Law § 73 (5) (cf. *DiLucia v Mandelker*, 110 AD2d 260 [1985], *affd* 68 NY2d 844, 846 [1986]).

The court properly denied petitioner's motion for discovery, since petitioner failed to include an affirmation of good faith, as mandated by 22 NYCRR 202.7 (a) (*see Sixty-Six Crosby Assoc. v Berger & Kramer,* 256 AD2d. 26 [1998]). Moreover, judicial review of an administrative determination is limited to the facts adduced and record made before the administrative agency (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]), and judicial review of additional evidentiary submissions would violate this fundamental tenet (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]). In any event, petitioner has failed to demonstrate the requisite need for the disclosure sought. Concur—Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.