EUGENE F. SCHERRER, Appellant-Respondent, v TIME EQUITIES, INC., et al., Respondents-Appellants, et al., Defendants. [810 NYS2d 454]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered March 23, 2005, which granted defendants' motion to strike plaintiff's supplemental bills of particulars dated November 2, 2004, and December 29, 2004, denied defendants' motions to preclude plaintiff from calling certain witnesses and for an extension of time to file a summary judgment motion, unanimously modified, on the law, to deny the motion to strike insofar as to reinstate both supplemental bills of particulars, except insofar as they allege diabetes and headaches, and otherwise affirmed, without costs.

The supplemental bill of particulars dated November 2, 2004, which cited additional statutory violations, should not have been struck since it merely amplified and elaborated upon the theory already set forth in the original bill of particulars and raised no new theory of liability (*Balsamo v City of New York*, 287 AD2d 22, 27 [2001]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231, 232 [2000]; *Orros v Yick Ming Yip Realty*, 258 AD2d 387 [1999]). However, the allegations of diabetes and headaches in the December 29, 2004 supplemental bill of particulars were properly struck since those injuries had not been alleged in the original bill of particulars (*see Licht v Trans Care N.Y.*, 3 AD3d 325 [2004]). The remaining bill of particulars allegations, regarding plaintiff's respiratory condition and his treatment, should not have been struck since they merely elaborated on injuries already alleged in the original bill of particulars by expanding upon the extent of the continuing disability, and the nature of plaintiff's treatment (*see Tate v Colabello*, 58 NY2d 84, 87 [1983]; *Villalona v Bronx-Lebanon Hosp. Ctr.*, 261 AD2d 185 [1999]; *Clarke v Yonkers Gen. Hosp.*, 228 AD2d 152, 153-154 [1996]).

The denial of defendants' motion to preclude witnesses was an appropriate exercise of discretion. Plaintiff complied with the discovery order at issue within two months of the court's deadline, there is no evidence of wilful or contumacious conduct on plaintiff's part, and defendants were not prejudiced (*see Anagnostaros v 81st St. Residence Corp.*, 269 AD2d 150 [2000]).

The motion for an extension of time to file for summary judgment was properly denied since defendants did not demonstrate "good cause" for failing to comply with CPLR 3212 (a) (*Brill v City of New York*, 2 NY3d 648 [2004]). Concur—Buckley, P.J., Andrias, Saxe, Friedman and Williams, JJ.