■ In the Matter of Robert J. Troeller, Appellant, v New York City Department of Education et al., Respondents. [28 NYS3d 309]—

Judgment, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered September 16, 2014, which denied the petition seeking an order declaring the municipal respondents' (together DOE) practice of assigning public work to respondent Temco Service Industries, Inc. (Temco), without satisfying competitive bidding requirements, to be violative of General Municipal Law § 103 and Education Law § 2556 (10), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Article 3 (B) (ii) expressly permitted DOE to assign to Temco schools under DOE's temporary custodial care, regardless of geography. Hence, DOE's construction of the subject contract as permitting such assignments was rationally supported by

the contract's overall language and intent, and not arbitrary or capricious or affected by any error of law (*see* CPLR 7803 [3]; *Dunlop Dev. Corp. v Spitzer*, 26 AD3d 180, 180 [1st Dept 2006]; *Valentin v New York City Police Pension Fund*, 16 AD3d 145, 145 [1st Dept 2005], *lv denied* 5 NY3d 703 [2005]). DOE likewise rationally interpreted Article 1 (B) (32) of the contract, providing, in pertinent part, that DOE has "the right to amend staffing patterns as it deems appropriate," as permitting the agency to have its Deputy Directors of School Facilities oversee groups of two to five school buildings in which Temco employees provided cleaning and custodial services, with no onsite "Building Managers," as otherwise provided for in the contract.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Manzanet-Daniels, Kapnick and Gesmer, JJ.