■ KAREN E.A., an Infant, by Her Mother and Natural Guardian, MARIA MERCEDES M., et al., Respondents, v 545 WEST 146TH STREET, INC., Appellant, et al., Defendant. [49 NYS3d 404]—

Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered February 2, 2016, awarding plaintiffs the total sum of $240,123.23, unanimously affirmed, without costs.

This action for personal injuries was referred to a Special Referee for an inquest and report on the issue of damages. Defendant 545 West 146th Street, Inc. (defendant) waived its right to object to entry of the plastic surgeon's report, dated August 11, 2008, as a business record, as it is undisputed that plaintiffs served it with notice of their intention to enter the document into evidence, and defendant failed to object, as required by CPLR 3122-a (c) (*see Siemucha v Garrison*, 111 AD3d 1398, 1400 [4th Dept 2013]; *Streicker v Adir Rent A Car*, 279 AD2d 385 [1st Dept 2001]).

Defendant's failure to comply with CPLR 3122-a did not prevent it from objecting to the report's admissibility based on other rules of evidence (*see Bostic v State of New York*, 232 AD2d 837 [1996], *lv denied* 89 NY2d 807 [1997]). However, defendant's objection that the plastic surgeon's report was not admissible because it was prepared for the purpose of litigation and was not germane to diagnosis and the child's treatment is not preserved for appellate review (*see Benavides v City of New*

*York*, 115 AD3d 518, 519 [1st Dept 2014]; *Braunstein v Taj Group of Hotels*, 235 AD2d 370 [1st Dept 1997], *lv denied* 89 NY2d 816 [1997]). Even if this Court were to find that the report was inadmissible, there was sufficient evidence adduced at the inquest to support the award for future pain and suffering because the Special Referee saw the child's scar and published what he observed for the record (*see e.g. Bischert v Limousine Rental Serv.*, 33 AD2d 355, 357 [3d Dept 1970]). Concur—Sweeny, J.P., Mazzarelli, Moskowitz and Kahn, JJ.