Smith v Lipsky (2020 NY Slip Op 07415)





Smith v Lipsky


2020 NY Slip Op 07415


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-03726
 (Index No. 5089/16)

[*1]Halle Smith, appellant, 
v
Samantha Ruth Lipsky, et al., respondents.


Rubino Law Firm, Yonkers, NY (JenniElena Rubino of counsel), for appellant.
The Law Office of David S. Klausner PLLC, White Plains, NY (Stephen H. Slater of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), entered March 13, 2018. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Orange County, for a new trial on the issue of damages.
On February 12, 2015, the plaintiff was a passenger in a vehicle owned and operated by the defendants. That vehicle rear-ended another vehicle. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in the accident. The plaintiff alleged in the bill of particulars that the injuries were permanent in nature.
At the trial on the issue of damages, the plaintiff called her treating physician as a witness. The defendants made an oral application to preclude the treating physician's testimony pursuant to 22 NYCRR 202.17 because his exchanged medical records did not include a prognosis. The Supreme Court permitted the treating physician to testify but limited it to the contents of his medical records. The Supreme Court later precluded the treating physician from testifying as to the permanence of the plaintiff's injuries. Subsequently, the jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff appeals.
Since permanency is not an "injury or condition" (Holshek v Stokes, 122 AD2d 777, 778), the Supreme Court erred in precluding the testimony of the plaintiff's treating physician as to the permanence of the plaintiff's injuries (see Chase v OHM, LLC, 75 AD3d 1031, 1034; Langhorne v County of Nassau, 40 AD3d 1045, 1047; Hughes v Webb, 40 AD3d 1035, 1036-1037; Holshek v Stokes, 122 AD2d at 778; see also Kowalsky v County of Suffolk, 139 AD3d 903, 905; Hammond v Welsh, 29 AD3d 518, 519).
Where, as here, there is a danger that substantial justice has not been done because [*2]improper evidentiary rulings tainted the jury verdict, an appellate court should order a new trial (see Langhorne v County of Nassau, 40 AD3d at 1048; Hughes v Webb, 40 AD3d at 1036-1037). Accordingly, there should be a new trial on the issue of the plaintiff's damages.
The plaintiff's remaining contentions have been rendered academic in light of the foregoing.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court