Napolitano v Gustavson (2021 NY Slip Op 00238)





Napolitano v Gustavson


2021 NY Slip Op 00238


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Manzanet-Daniels, J.P., Gische, Kapnick, Singh, Mendez, JJ. 


Index No. 800281/11 Appeal No. 12880N Case No. 2019-4653 

[*1]Catherine E. Napolitano, Plaintiff-Appellant,
v
Susan M. Gustavson, R.V.T., et al., Defendants-Respondents.


Law Offices of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Harris Beach PLLC, Pittsford (Svetlana K. Ivy of counsel), for respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered on or about April 15, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motion to strike plaintiff's supplemental bill of particulars, denied plaintiff's cross motion for leave to amend the initial bills of particulars, and directed plaintiff to post security for costs pursuant to CPLR 8501(a) and 8503, unanimously modified, on the law, the supplemental bill of particulars reinstated in part, the security for costs vacated, and otherwise affirmed, without costs.
The court should not have stricken plaintiff's supplemental bill of particulars dated October 2018 in its entirety. Most of the injuries set forth therein, specifically those related to the left leg, syncope, and psychological and emotional trauma, were not new injuries, but were amplifications and elaborations of the injuries set forth in the bills of particulars served in October and November 2012, or were the anticipatable sequellae thereof (see Tate v Colabello, 58 NY2d 84, 87 [1983]; Scherrer v Time Equities, Inc., 27 AD3d 208, 209 [1st Dept 2006]).
Moreover, the allegations of improper conduct merely expounded on the theories of liability set forth in the 2012 bills. To the extent the 2018 supplemental bill raises new theories of liability and injuries, plaintiff was entitled to serve them as amendments "as of course" under CPLR 3042(b), as no note of issue has been filed, and no prior amended bill of particulars has been served. Nevertheless, the new claim for battery was properly stricken, as it raises a new cause of action not pleaded in the complaint (see Paterra v Arc Development LLC, 136 AD3d 474, 475 [1st Dept 2016]). To the extent plaintiff seeks leave to amend the complaint to add such a claim under CPLR 3025(b), that claim is time-barred (see Cerilli v Kezis, 306 AD2d 430 [2d Dept 2003]).
The court should not have required plaintiff to post security for costs under CPLR 8501(a) and 8503. While plaintiff is a resident of New Jersey, the record indicates that she also maintained a residence in Manhattan, and that defendants have in fact been serving papers upon her at that address since the beginning of this litigation in 2011 (see Gold v City of New York, 42 Misc 3d 1209[A], 2014 NY Slip Op 50014[U] [Sup Ct, NY County 2014]). Plaintiff also owns a New York business, and has been operating it out of the same New York address.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021