Troyano v Burris (2021 NY Slip Op 04249)





Troyano v Burris


2021 NY Slip Op 04249


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-09443
 (Index No. 64925/15)

[*1]Michael J. Troyano, appellant,
v
Nicole Burris, et al., respondents.


Ronemus & Vilensky (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Burke Conway & Dillon (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Kathryn Beer], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 13, 2018. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law and in the exercise of discretion, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of damages before a different Justice.
On February 6, 2015, a vehicle driven by the plaintiff collided with a vehicle operated by the defendant Nicole Burris and owned by the defendant Herbert Burris. The plaintiff subsequently commenced this action to recover damages for personal injuries.
At the trial on the issue of damages, the parties agreed to present the testimony of the defendants' expert Walter J. Levy, who had conducted an independent medical examination of the plaintiff on behalf of the defendants, by playing a video recording of his testimony taken prior to the trial. After the defendants decided not to introduce the video recording of Levy's testimony into evidence, the plaintiff introduced portions of the video recording as part of his case-in-chief (see Gilly v City of New York, 69 NY2d 509), and those portions were played for the jury. After the close of evidence, and after the Supreme Court had denied the defendants' motion for a directed verdict, the defendants moved to strike Levy's testimony. Over the plaintiff's objection, the court granted the defendants' motion finding, in effect, that Levy was not credible and that some of his opinions were unsupported. The jury was then instructed not to consider Levy's testimony because "it is not something that would help you." The jury returned a verdict in favor of the defendants finding, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff appeals.
As a threshold matter, the defendants' motion to strike, made after the close of the evidence, was untimely and prejudicial to the plaintiff (see Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1002). Moreover, any defects in Levy's expert opinions or the foundation on which those [*2]opinions are based "should go to the weight to be accorded that evidence by the trier of fact, not to its admissibility in the first instance" (Sadek v Wesley, 27 NY3d 982, 984). Therefore, the Supreme Court erred in granting the defendants' motion to strike Levy's testimony (see id. at 984).
Although the issue is unpreserved for appellate review, we further note that the trial justice overstepped her role in clarifying confusing testimony by excessively injecting herself in the questioning of the plaintiff's treating neurologist in a manner designed to cast doubt on the foundation of his opinions (see Porcelli v Northern Westchester Hosp. Ctr., 110 AD3d 703; Doe v Department of Educ. of City of N.Y., 54 AD3d 352, 354). Accordingly, under the circumstances of this case, a new trial on the issue of damages, before a different Justice, is warranted.
In light of our determination, we need not reach the plaintiff's remaining contention.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court