Benguigui v Racer (2021 NY Slip Op 05318)





Benguigui v Racer


2021 NY Slip Op 05318


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-03355
 (Index No. 944/15)

[*1]Shoshana Benguigui, appellant,
v
Mark David Racer, respondent, et al., defendants.


Lester B. Herzog, Brooklyn, NY, for appellant.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Robert J. Gironda of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Carolyn E. Wade, J.), entered February 7, 2018. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendant Mark David Racer and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendant Mark David Racer, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages.
This action arises from a multivehicle accident on November 1, 2012. The plaintiff commenced the instant action against, among others, the defendant Mark David Racer (hereinafter the defendant) to recover damages for personal injuries that she allegedly sustained in the accident. After a trial on the issue of liability, the jury returned a verdict finding the defendant 100% at fault in the happening of the accident. After a trial on the issue of damages, the jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. Thereafter, the plaintiff made an application, in effect, pursuant to CPLR 4404(a), to set aside the verdict. The Supreme Court denied the plaintiff's application, and entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint insofar as asserted against the defendant. The plaintiff appeals.
At the trial on the issue of damages, the plaintiff called one of her treating physicians, Irving Friedman, as a witness. The Supreme Court erred in granting the defendant's application to preclude Friedman's testimony concerning the cervical and thoracic regions of the plaintiff's spine based upon a conceded error Friedman made wherein he misidentified the MRI of the plaintiff's spine (see Sadek v Wesley, 27 NY3d 982, 984; Troyano v Burris, 196 AD3d 525). Under the circumstances of this case, any defects in Friedman's opinions or the foundations on which those opinions are based "should go to the weight to be accorded that evidence by the trier of fact, not to its admissibility in the first instance" (Sadek v Wesley, 27 NY3d at 984; see Troyano v Burris, 196 [*2]AD3d 525).
In addition, the Supreme Court erred in precluding Friedman's testimony regarding future treatment and possible need for future surgery, as Friedman had addressed these issues in his medical reports (see Butler v Grimes, 40 AD3d 569, 570; Montenegro v Richfield Props., 269 AD2d 505, 506).
Moreover, the Supreme Court erred in precluding the admission of the medical records of another of the plaintiff's treating physicians, Rubin Ingber, under the business records exception to the hearsay rule. The defendant waived his right to any objection to the admission of the records as business records, as he failed to timely object after having been served with the plaintiff's notice of her intention to enter the documents into evidence pursuant to CPLR 3122-a (see Karen E.A. v 545 W. 146th St., Inc., 148 AD3d 464, 464; Siemucha v Garrison, 111 AD3d 1398, 1400). Additionally, the testimony of Ingber's office manager laid a proper foundation for the admission of these records (see CPLR 4518[a]; Berkovits v Chaaya, 138 AD3d 1050, 1051; cf. Dayanim v Unis, 171 AD2d 579, 580).
Where, as here, there is a danger that substantial justice has not been done because improper evidentiary rulings tainted the jury verdict, a new trial is warranted (see Smith v Lipsky, 189 AD3d 1104, 1105; Langhorne v County of Nassau, 40 AD3d 1045, 1048). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on the issue of the plaintiff's damages.
In light of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court